CASE 33—PETITION ORDINARY—JUNE 23.

# Caphart vs. Dodd, &c.

### APPEAL FROM MARION CIRCUIT COURT.

"Twelve months after date, the president, by the order of the board of the Hustonsville and Bradfordsville turnpike road company, promise to pay Mahaly Caphart three hundred and fifty dollars, with six per cent. *intres* from date, this 30th November, 1865.

> "E. J. DODD, *Pres.*,
> "JAS. J. DRYE,
> "WM. R. McCAIN,
> "WM. SPRAGGINS,
> "M. P. DRYE,
> "JAMES YOWELL."

In a suit against the obligors in the above writing to make them individually liable, the court say: "Our conclusion, therefore, is, that, according to the terms of said writing, the parties intended to impose a personal liability on themselves for the debt, and not to bind the corporation."

ROUNTREE & FOGLE and
JOHN RODMAN,                                    For Appellant,

CITED—

1 *Marshall*, 545; *McBean vs. Morrison.*

3 *Marshall*, 259; *McCalla vs. Rigg.*

1 *B. Mon.*, 201; *Nash vs. Roberts.*

4 *Metcalfe*, 297; *Whitney vs. Sudduth, &c.*

1 *B. Mon.*, 13; *Com. Bank of New Orleans vs. Newport Manufacturing Company.*

*Session Acts* 1857–8, *secs.* 1–4, 5, *page* 319.

A. J. JAMES,                                    For Appellees.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought by appellant against appellees to make them personally responsible for the debt on the following writing:

" Twelve months after date, the president, by the order of the board of the Hustonsville and Bradfordsville turnpike road company, promise to pay Mahaly Caphart three hundred and fifty dollars, with six per cent. *intres* from date, this 30th November, 1865.

> " E. J. Dodd, *Pres.*,
> "Jas. J. Drye,
> "Wm. R. McCain,
> "Wm. Spraggins,
> "M. P. Drye,
> "James Yowell."

To her petition a demurrer was sustained, and she seeks a reversal of the judgment.

The only question for determination is, whether the corporation named in the writing is bound, or whether those who signed it are personally liable.

This writing is different from the one sued on in the case of *Yowell vs. Dodd, &c.;* there the president and directors of the corporation promised to pay the debt; here the president, by the order of the board of directors of said corporation, promises, with the others who sign the instrument. The board of directors, as such, do not promise, and the recitals in the writing imply that it, the board, had funds in the hands of the president to pay said debt; and said writing is rather an acceptance of the order of the board to pay the amount.

If the writing had read " *I,*" by the order of the board of the Hustonsville and Bradfordsville turnpike road company, promise to pay, &c., and had been signed by E. J. Dodd, *Pres.*, with the other persons who signed it, un-

questionably it would have been the obligation of all of of them, notwithstanding the grammatical inaccuracy in using the singular for the plural pronoun.

E. J. Dodd is the person to whom the order of the board to pay the money is addressed, because he identifies himself as the president by his signature to the writing; and it means precisely the same thing as if it had read " *I*" promise, &c., and had been signed by himself and the others. There is nothing in the writing to show that the other persons who signed the writing were directors of the corporation mentioned.

Our conclusion, therefore, is, that, according to the terms of said writing, the parties intended to impose a personal liability on themselves for the debt, and not to bind the corporation.

Wherefore, the judgment is reversed, and the cause is remanded to overrule the demurrer and for further proceedings consistent herewith.