CASE 48—ORDINARY—JANUARY 13.

78  243
88  275

# Pack, &c., v. White.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

1. "We, the directors of Big Eagle and Harrison Turnpike Company, promise to pay to Mary White fifteen hundred dollars," &c., &c.—*held* to be the individual obligation of the signers.

2. The words used are *descriptio personarum*.

GEO. E. PREWITT FOR APPELLANTS.

1. The appellants are only bound as a corporation. (Trask v. Roberts, 1 B. M., 201; McBean v. Morrison, 1 Mar., 545; Whitney v. Sudduth, 4 Met., 297; Yowell v. Dodd, 3 Bush, 582; Church v. Graham, MS. Opin.)

GEO. V. PAYNE FOR APPELLEE.

The obligation is that of appellants as individuals. (Murray v. Carothers, 1 Met., 80; Church v. Graham, MS. Opin.; McBean v. Morrison, 1 Mar., 545; 3 Mar., 259; 1 B. Mon., 201; 4 Met., 297; Yowell v. Dodd, 3 Bush, 583.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

An action was instituted by the appellee in the Scott Circuit Court against R. F. Pack and others on the following obligation:

"GEORGETOWN, KY., April 5, 1877.

"Twelve months after date we, the directors of the Big Eagle and Harrison County Turnpike Company, promise to pay to the order of Mrs. Mary A. White the sum of fifteen hundred dollars, for value received, negotiable and payable, without defalcation or discount, at the branch of the Farmers' Bank of Georgetown, Kentucky, with interest at the rate of eight per cent. per annum from date until paid.

"[Signed],   "R. F. PACK,
  "JACOB MALBREMY,
  "JAS. E. EMERSON,
  "JAS. S. STONE,
  "W. S. PARKER,
  "WM. PENN."

The appellants were sought to be made individually liable on the obligation by the prayer, and on that issue raised by a demurrer a judgment was rendered against them for the debt, from which they have appealed.

Upon a review of the authorities bearing on the question involved, we have but little doubt as to the propriety of the judgment below. It is evident that no action could have been maintained against the corporation without an aver-ment that the turnpike company had received the considera-tion, and that, by inadvertence or for some other reason, the liability of the real obligor had not been expressed in the note.

There is nothing on the face of the paper showing that the money was to be applied to the benefit of the corporation, or to discharge a debt due by it. The corporate name em-bodied in the note may imply that the corporation was inter-ested in some manner in the consideration; but to make it liable on the obligation, it must be averred and proven that it was executed and received as the obligation of the com-pany, and, by a mutual mistake, the parties failed to use lan-guage creating the liability. If these independent averments must be made in order to recover against the company, it necessarily follows, that without such averments, it must be regarded as the joint undertaking of the parties whose names appear as obligors. This is the proper test in determining the liability of parties upon the face of an instrument like this. If averments are necessary, other than that the parties signed the note and undertook to pay and had failed to com-ply, in order to make the corporation liable, the paper must be regarded as the obligation of those signing it, and instead of raising the question of corporate liability by demurrer, it can only be made by a proper answer. Certain language·

contained in *obligations* has been held to be in explanation of the intention of the parties, and when appearing on the face of the paper that the writing had been given for the debt of the corporation, the presumption has been indulged in some cases that the parties signing were not individually liable.

There is a material difference between this class of cases and the case being considered. In the case of Trask v. Roberts (1st B. Monroe) the note read as follows: "For value received, we, as trustees of the town of Harrodsburg, jointly and severally promise to pay," &c. In that case, the defense was made by answer, but the pleading made no other defense than could have been raised on a demurrer. There was no allegation of a mistake in the execution of the instrument, or any statement of facts showing that its legal effect was different from that intended by both parties. In the case of Yowell v. Dodd the note read: "Twelve months after date, the president and directors of the Hustonsville and Bradfordsville Turnpike Company will pay," &c. This court held that it was the note of the corporation, and made a distinction between that case and the case of Whitney v. Sudduth .(2 Metcalfe), as in the last named case the promise was "we, or either of us, president and directors, promise to pay." The effect of such language as was used in the last named case has always been adjudged to be an individual promise by the party signing, and not in his official capacity. If parties do not intend to create a personal liability in such ·cases, it is an easy matter to so express it on the face of the instrument, and instead of a joint or several undertaking, ·substitute the corporation as the party bound or making the promise. "The Big Eagle and Harrison Turnpike Company promises to pay," &c., would indicate clearly the liability, .and leave no room for construction as to the intention of the

parties.   The appellee could not have maintained an action
against the corporation on the obligation without alleging
fraud or mistake in its execution.    There is no doubt as to,
the personal liability of the parties in this case.

.Judgment affirmed.