LEWISTON COOPER v. LEWIS COLLINS' EX'R.

**Makers of Promissory Note.**

Where directors of a corporation or trustees execute a note by signing their individual names to it, not as trustees, they become individually liable thereon to the owner of such note; and whether they may discharge such liability out of the trust estate is not a matter of interest to the owner, but is one to settle in the settlement of the trust.

APPEAL FROM MASON CIRCUIT COURT.

April 27, 1880.

OPINION BY JUDGE PRYOR:

This court, in a manuscript opinion rendered during the present term and marked for publication, passed upon the identical question

raised in this case. It was the case of *Pack v. White,* 78 Ky. 243, as published, from the Scott Circuit Court. The writing read: "We, the directors of The Big Eagle & H. Turnpike agree to pay," and signing their individual names. The court held them individually liable. The paper in the present case is the individual obligation of the parties whose names are signed to it, and no question of construction as to the intention should be indulged in. Either fraud or mistake should be alleged and established before the liability of the obligors can be changed from a personal to an official character. In this case there is no evidence of any fraud or mistake, and, as the writing stood, the court could do no less than render a personal judgment.

It was not necessary that this action should await the termination of the settlement of the accounts of these parties as the trustees of Pheister. When they pay this money, if they have applied it to the benefit of the trust estate, they will be entitled to a credit in the settlement of their accounts. Nor is there anything in this record showing that a judgment has not been rendered in the action relating to the trust. The liability of the appellant to the appellee, however, has no connection with it, so far as the appellee is concerned. It may be necessary to establish the claim as a charge against the trust fund, and if so, this is the duty of the appellant and not of the appellee.

Judgment *affirmed.*

*Wadsworth & Sons, for appellant.*

*Barbour & Cochran, for appellee.*