William C. SIMPSON, Appellant,

v.

HEATH & COMPANY, Appellee.

Court of Appeals of Kentucky.

April 13, 1979.

Frank G. Dickey, Jr., Lexington, for appellant.

James R. Odell, Jr., Sheila R. Isaac, Lexington, for appellee.

Before GANT, LESTER and VANCE, JJ.

VANCE, Judge.

The principal question on appeal is whether the president of a corporation who signs an agreement as guarantor of a contract executed by him as president of the corporation is individually liable on the guaranty as a matter of law when his signature on the guaranty is followed by the letters, "Pres."

Appellant, the president of Commercial Leasing Systems, Inc., d/b/a Dollar A Day Rent a Car, signed an agreement leasing an electric sign from appellee for 60 months at a rental of $168 per month. At the bottom of the one-page lease agreement is a guaranty which reads as follows:

The undersigned guarantees prompt payment on or before the due date of all sums to become due under the foregoing agreement. . . .

Appellant signed the guaranty and following his signature he appended the letters "Pres." Subsequently, Commercial Leasing Systems, Inc. failed to make the monthly payments as required by the lease, and appellee instituted this action against appellant as guarantor.

Appellant asserted in his answer that the guaranty did not obligate him in an individual capacity but only in his official capacity.

Summary judgment was entered for appellee.

It is fundamental that an officer of a corporation will not be individually bound when he contracts within the scope of his authority as an agent for the corporation. *Potter v. Chaney*, Ky., 290 S.W.2d 44 (1956). In *G. C. Riordan v. Thornsbury*, 178 Ky. 324, 198 S.W. 920 (1917), parol evidence was admitted to determine whether church trustees who signed a note and affixed the word "trustee" after their names were individually liable on the note.

A somewhat different situation is presented where an officer of a corporation signs an instrument which guarantees performance by his own corporation. We are not cited to any Kentucky case which has considered this problem. In other states the decisions are divided.

In some states an officer of a corporation is not permitted to introduce parol evidence to show that he intended to bind his corporation rather than himself individually when the agreement guarantees the act of his corporation, because a holding that he was not individually responsible would render the guaranty meaningless. *Kessel v. Murray*, 197 Iowa 17, 196 N.W. 591 (1924).

The opposite conclusion was reached in *Puget Sound National Bank v. Selivanoff*, 9 Wash.App. 676, 514 P.2d 175 (1973). There Mrs. Selivanoff, who with her husband owned all the shares of the Bigstone Corporation, signed a guaranty for Bigstone Corporation and appended the letters "Sec." after her signature. The court allowed the introduction of parol evidence to show that she did not intend to become individually bound by the signature. The letters "Sec." appended after the signature were held to charge the bank with notice that the signer may not have intended to become individually liable. As opposed to the contention of the bank that it was in no wise responsible for the mistake of Mrs. Selivanoff, the court held against the bank because it ignored the true fact reasonably ascertainable after it was put on notice by the form of the wife's signature.

In our view the signature "William C. Simpson, Pres." creates an ambiguity on its face as to whether the parties intended for Simpson to be bound individually. The appellee accepted the guaranty in this ambiguous form, and it therefore had notice that appellant might not have intended any individual obligation. Even though no additional guaranty whatever would result if it be held that his signature obligated only the company of which he is president, the evidence might well establish that appellee was content to accept the contract without additional guaranty or that there was no meeting of the minds on the question of appellant's individual liability. There were

no affidavits filed with the motion for summary judgment to show that there was no genuine issue as to this point, and we do not think the instrument itself is sufficient to impose individual liability as a matter of law. The summary judgment should not have been granted because of the existence of this issue of fact.

At oral argument the parties conceded that a genuine issue existed as to the amount of damages and that the summary judgment as to damages was not proper. The facts are not sufficiently established for us to pass upon the issue of mitigation of damages. That issue is left for determination of the trial court upon remand.

We find no merit in the other issues raised by appellant.

The judgment is reversed for further proceedings consistent with this opinion.

LESTER, J., concurs.

GANT, J., dissents by separate opinion.

GANT, Judge, dissenting.

I must dissent from the majority opinion, as I feel the crux of this case concerns what and where the appellant signed and not whether parol evidence as to his intentions upon signing should be allowed. Here the lease between the parties was signed with the corporate name. The lease was completely executed upon that signature, as no other act was required to bind it as lessee. Appellant then signed his signature followed by the abbreviation "Pres." to the guaranty agreement at the bottom of the lease. Appellant now contends that the use of the abbreviation after his signature created an ambiguity. Was this second signature affixed solely in his corporate capacity, therefore relieving him of any personal liability on the obligation created by the lease and guaranty agreement, or was it intended, as the clear words of the agreement indicate, to bind him personally? As pointed out by the majority, acceptance of the first interpretation would force a conclusion that the guaranty agreement added nothing to the transaction. It becomes a meaningless act of signing, guaranteeing that the entity already obligated under the lease agrees to pay what it is required to pay. *Kessel v. Murray*, 197 Iowa 17, 196 N.W. 591 (1924). When an interpretation of facts results in rendering an act meaningless, an alternative interpretation giving substance to the act will be favored.

There are older Kentucky cases dealing with the personal liability of directors and officers who sign notes or contracts, but they are distinguishable from our present situation. In cases such as *Yowell v. Dodd*, 66 Ky. (3 Bush) 581 (1868), *Caphart v. Dodd*, 66 Ky. (3 Bush) 584 (1868), and *Pack v. White*, 78 Ky. 243 (1880), the notes were signed in one location only and without the actual corporate signature. In our case the appellant signed the guaranty and the abbreviation "Pres." following his name should be regarded as *descripto personae*, a term descriptive of the person rather than the relationship in which he signs the agreement. 19 Am.Jur.2d, *Corporations*, § 1344 at 750. The separate act of signing the guaranty agreement served to reassure the lessor/appellee that an alternative source of reimbursement and financial protection was available to him, and to now hold the president/appellant free from personal liability would negate those protections and expectations.

I would therefore hold that the clear intention from the face of the document was to hold the appellant personally liable. The case of *Ricker v. B. W. Acceptance Corp.*, 349 F.2d 892 (10th Cir. 1965), came to such a conclusion and should be applied to the present conflict. Although the guaranty agreement in that situation contained more indications of personal liability in the language used, the analysis is the same. *See also American Petrofina Co. v. Bryan*, (Tex. Civ.App.), 519 S.W.2d 484 (1975).

Remand for determination of mitigation and damage issues has been ordered by this Court. Both parties admit that adjudication on these questions is required. On the issue of liability, however, I feel the summary judgment originally issued by the lower court should be affirmed.