*Hord and W. C. Marshall* for appellants: *McClung and Taylor* for appellee.

TRASK
*vs*
ROBERTS *et al.*

---

B. Monroe.
1m 201
88  273

1bm201
d111 103

## Trask *vs* Roberts *et al.*

### ERROR TO THE MERCER CIRCUIT.

*Pleas and pleading. Averment. Demurrer.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS writ of error is prosecuted to reverse a judgment against the plaintiff, in a petition and summons, brought by him as assignee of the following note.

"$100        *Harrodsburgh, Ky. March* 15, 1831.

"For value received, we as trustees of the town of Harrodsburgh, in the State of Kentucky, jointly and severally promise to pay to the order of Francis E. Phelps, superintendent, &c. the sum of one hundred dollars, in nine months after date, with interest, &c.

Signed,        *D. Sutton, Pres.*
*C. L. Jones,*
*Tho. Q. Roberts,*
*Henry W. Reed,*
*Harvy Woods, Trustees.*"

The action was brought against all of the above named signers of the note, except Sutton; and the defendants, in addition to three pleas, to which the plaintiff answered by replication or joinder in issue, filed a fourth and fifth, to each of which the plaintiff demurred.

PET. & SUM.

*Case 65.*

*April 23.*

Note sued on.

Deft's. 3 pleas replied to or joined, 4th and 5th pleas demurred to, 4th and 5th pleas being adjudged good and not answered,

TRASK
*vs*
ROBERTS *et al.*
Judgment in bar given.

The pleas being deemed sufficient by the Circuit Court, judgment in bar was rendered thereon, for want of answer; and the main question, now presented, is whether either of these pleas is sufficient, in law, to bar the action.

Each of these pleas is in the nature of a special plea of *non est factum.*

The fifth plea.

The fifth simply denies that the writing sued on is the individual act and deed of the defendants.

The fourth plea.

And the fourth, after stating, that acting as trustees, &c. and without any consideration to themselves, personally, and not intending to bind themselves, personally, the defendants signed and delivered the note, with the intent and view, to bind the trustees and their successors, avers that they only, as trustees, and only to bind the trustees, made and delivered said note, and that as their joint and several individual act and deed, to bind themselves personally, and as men, they never did make, sign, and deliver said writing sued on, and so they say it is not their act and deed.

The fifth plea, if sufficient in point of precision and specialty, evidently does not deny the execution of the note by the defendants, but places the question of its obligatory force and effect upon its own form and tenor, and is substantially nothing more than a demurrer.

The fourth plea, is either in effect the same, or it presents the question, whether the makers of the note can, without averring illegality, fraud or mistake in its execution, destroy or deny its legal effect, according to its form, by averring an intention in the execution of it, different from that which its own import evidently indicates. Can the makers of an instrument, which, by its tenor and legal import, binds them personally, deny or destroy this obligation, by simply averring, that they did not intend to be personally bound? An analogous question has been repeatedly decided in the negative, in cases in which the obligor has attempted to vary his obligation in respect of the thing to be done, by averring that he intended to bind himself to do some other thing different from that which the writing imports. And upon the same principle, the answer must be in the negative, when the attempt is by a simple averment of intention contrary to the import of

the instrument itself, either to shift the obligation from one person to another, or to relieve the obligor from an individual liability, and leave him subject only in an artificial character. The case of *McBean* vs *Morrison,* 1 *Marsh.* 545, is direct authority in support of this conclusion. The averment that the note was executed without any consideration to the defendants, personally, was evidently made, not as an impeachment of the note, for want of consideration, but only to introduce and fortify the averment, that it was not intended to be personally obligatory on the defendants; it adds, really, nothing to the efficacy of the positive averment to which it is an inducement, and is, at most, but the foundation of an inference.

The cardinal object, in adjudicating upon contracts, is admitted to be to ascertain and give effect to the true intention of the parties. But when the contract is reduced to writing, the intent of the parties, in the absence of illegality, fraud, or mistake, is to be deduced from the writing itself, as not only the best evidence, but as the peculiar medium provided by the parties for the communication of their intention. It is inconsistent with the object of the law, and of the parties, in reducing the contract to writing, to allow one of them to vary or destroy its legal import, by mere parol averment and proof of a different intent, on his part, from that which is evidenced by the writing. The party is, in effect, estopped from denying, except on one of the grounds above referred to, the legal effect or import of his written contract.

If then, the fourth plea avers an intent different from that which the writing sued on imports, upon fair legal construction of its tenor and form of execution, the averment being in contradiction of the writing, was inadmissible, and the plea should have been adjudged bad, on the demurrer.

And this brings us to the same question as upon the fifth plea, viz: does the writing sued on, according to its legal import, bind the defendants, individually and personally? or does it merely bind the town of Harrodsburg or its trustees, whoever they may be, in their official character? It is to be observed, that the instrument does not

---

TRASK
*vs*
ROBERTS *et al.*

Plea averring an *intention* to be bound by a writing different from the legal import of the writing, on its face, (without averring either fraud or mistake in its execution) is bad.

Plea not denying the execution of the note sued on, but denying its obligation, according to its own form and effect, is bad.

TRASK
vs
ROBERTS et al.
. purport to be a corporate act, either in the body or in the form of its execution, and is entirely without a seal. It does not profess to bind the town or the trustees of Harrodsburgh generally, nor does it make any reference to the successors of those who executed it. There is, moreover, nothing in it pointing to the funds of the town, as the source, much less as the only source to which the obligee is to look for payment. But the defendants, designating themselves as trustees, both in the body of the note and in their signatures to it, as trustees, promise to pay, not only jointly, but severally also. The note binds no other person or thing, and professes to bind no other person or thing, and perhaps could not have bound any other but themselves, for the payment of the one hundred dollars, which they expressly, and jointly and severally promise to pay; and the question is, whether they are, or intended to be, individually bound. The language of the note is not "The trustees of Harrodsburg promise to pay," &c. but "we, as trustees, promise." It is not the trustees merely, who promise, but the defendants, as trustees, promise, and if it were otherwise uncertain whether they promised, or intended to promise, individually, all doubt is removed by the fact that they promise severally. This several liability must be personal. It is wholly inconsistent with a restricted liability, merely in the artificial character of trustees.

The reference, in the note and signatures, to the character of the parties, as trustees, may have been intended to show that they were dealing for the town, and that this note was given for a consideration in the which the town was interested. But they had a right to interpose their credit for the benefit of the town, and if they did so, the benefit to the town, purchased by their undertaking to pay for it, formed a sufficient consideration for their promise. It is probable, also, that the defendants, being trustees, may have intended to pay the debt out of the town funds: but if both parties understood and intended that the town funds alone should be liable, why was not this understanding evidenced simply by an order of the board of trustees directing the town funds to be paid over, at the proper time, in discharge of the debt,

instead of a note, in which they promise to pay the amount. Did not the parties suppose, and intend, that by the execution of this note, the debt would be placed on a different footing from that on which it would have stood had it rested simply on an order of the board of trustees, for payment by the town treasurer, or on the liability of the town to pay for that which constituted the consideration of the note?

But without pursuing the subject further, we are satisfied that, according to the true import of the note and the intent of the parties, as evidenced thereby, it imposes a personal liability on the defendants, and is obligatory on them as their individual deed. And in this opinion we are supported by the cases of *McBean* vs *Morrison, supra; McCalla* vs *Rigg,* 3 *Marsh.* 258 ; *Ayres* vs *Offutt,* 7 *Mon.* 356 ; *Daviess* vs *Mead,* 2 *Bibb,* 397 ; and *Bank of Kentucky* vs *Sanders,* 3 *Marsh.* 184. The present state of the record does not call for any decision upon either of the three first pleas: but, for the error of the Circuit Court, in overruling the demurrer to the fourth and fifth pleas, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to said pleas, and for further proceedings.

*Harlan* for plaintiff; *Daviess* for defendants.