CHIEF JUSTICE DUVALL
delivered tee opinion op .the count:
The appellant sued the appellee on the following note:
“On or before the 7th of September, 1861; we or either of us, Joseph Cantrill, Pres’t, Dr. Jos. Cantrill, L. G. Sudduth, Jas. T. Ware, and J. W. Allison, Directors of Centreville and Jacksonville Turnpike Co., promise to pay to George H. Whitney, or order, fifteen hundred and nine dollars, for value received, this 7th day oí March, 1861.
(Signed:)
JOS. CANTRELL, Prest.,
LEVI G. SUDDUTH,
J. T. WARE, ■
JNO. w; ALLISON,
JOS. CANTRILL, Je.”
The judgment of the court below was, in effect, that the plaintiff was entitled to a judgment against the corporation, but not against the defendants individually, and the action was therefore dismissed. From that judgment the plaintiff has appealed.
The sole question to be decided is, whether the defendants are individually liable on the note, or whether it is the obligation of the corporation mentioned in it.
This, pf course, is a question of intention to be determined from what appears on the face of the writing. It is true, as contended, that the later cases on this subject have, to some extent, modified the rule adopted in the earlier cases, the application of which rule, instead of giving effect to the obvious intent of the parties, often defeated it. But none of- the cases have gone to the extent of varying the legal import of the contract, according to the natural meaning of the terms employed by the parties.
The case of Nash vs. Roberts, (1 B. Mon., 201,) is analogous to the present case in every material particular. There the defendants, “as trustees of the town of Harrodsburg,” jointly *298 and severally promised to pay to the order of Phelps, superintendent, &c., one hundred dollars in nine months, &c. The note was signed by Sutton, as President, and by Jones and three others styling themselves trustees. It was held “that the instrument does not purport to be a corporate act, either in the body or in the form of its execution, and is entirely without a seal. It does not profess to bind the town, or the trustees of Harrodsburg generally, nor does it make any reference to the successors'of those who executed it. There is, moreover, nothing in it pointing to the funds of the town as the source, much less as the only source to which the obligee is. to look for payment. But the defendant, designating themselves as trustees, both in the body of the note and in their signatures to it, as trustees, promise to pay, not only jointly, but severally also.
The note binds no other person or thing, and perhaps could not have bound any other but themselves, for the payment of the one hundred dollars, which they expressly, and jointly and severally promise to pay; and the question is, whether they are, or intended to be, individually bound? The language of the note is not “the trustees of Harrodsburg promise to pay,” &c., but “we, as trustees, promise.” It is not the trustees merely who promise, but the defendants, as trustees, promise; and if it were otherwise uncertain whether they promised or intended to promise individually, all doubt is removed by the fact that they promise severally. This several liability must be personal. It is wholly inconsistent with a restricted liability, merely in the artificial character of trustees.”
This reasoning is so conclusive, and so manifestly applicable to the present case, that nothing need be added to sustain the conclusion to which it leads — a conclusion we believe to be right, and from which therefore we cannot depart. The subsequent cases referred to will be found, on examination, to be clearly distinguishable from the present, either in the import of the obligation itself or in the facts connected with its execution.
Our.conclusion is, that the note in question, according to its ue import, and the intent of the parties as evidenced by its terms, imposes a personal liability on the defendants, binding *299 them individually, and not the corporation of which they style themselves the members.
The judgment is therefore reversed, and the cause remanded for judgment and further prceedings in conformity with this opinion.