CASE 32—PETITION ORDINARY—JUNE 23.

3b 581
88 273

# Yowell vs. Dodd, &c.

### APPEAL FROM MARION CIRCUIT COURT.

"Twelve months after date, the president and directors of the Hustonsville and Bradfordsville turnpike road company will pay Leroy Yowell twelve hundred dollars, for value received, at six *per cent. inters* from date, this 16th of November, 1865.

> "E. J. Dodd, *Pres.*,
> "James Yowell,
> "Jas. J. Drye,
> "M. P. Drye,
> "Wm. L. McCain."

*Held*—That whether the writing above binds the parties individually, or is the obligation of the corporation, "is a question of intention, to be determined from what appears on the face of the writing." The court further say, "we conclude that the parties to said writing did not intend to bind themselves personally for said debt; and that a fair and rational interpretation of its terms does not impose such liability; but that the corporation named is responsible." (*Whitney vs. Sudduth, &c.*, 4 *Met.*, 296; *Nash vs. Roberts*, 1 *B. Mon.*, 201.)

Rodman & Fogle,                                    For Appellant,

CITED—

1 *Marshall*, 545 ; 3 *Marshall*, 259.

1 *B. Monroe*, 201 ; 4 *Metcalfe*, 297.

1 *Metcalfe*, 551.

*Act incorporating Hustonsville and Bradfordsville Turnpike Road Company.*

A. J. James,                                    For Appellees,

CITED—

3 *Dana*, 237 ; *Cook & Co. vs. Sanford.*

6 *B. Mon.*, 617 ; *Hunter's adm'r vs. Miller's ex'rs.*

1 *B. Mon.*, 13 ; *Commercial Bank Orleans vs. Newport Manufacturing Co., &c.*

Yowell vs. Dodd, &c.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought by appellant against appellees to make them personally responsible for the debt on the following writing:

" Twelve months after date, the president and directors of the Hustonsville and Bradfordsville turnpike road company will pay Leroy Yowell twelve hundred dollars, for value received, at six *per cent,* *inters* from date, this 16th of November, 1865.

" E. J. DODD, *Pres.*,

" JAMES YOWELL,

" JAS. J. DRYE,

" M. P. DRYE,

" WM. L. McCAIN."

To the petition a demurrer was sustained, and the only question presented to this court by the appeal is, whether the writing sued on binds the appellees individually, or whether it is the obligation of the corporation therein named. " This is a question of intention," as was said in *Whitney vs. Sudduth, &c.* (4 *Met.*, 296), " to be determined from what appears on the face of the writing." But that case is not analogous to this; the writings upon which the actions were brought are essentially different in language and meaning.

In the case referred to, it is true, the first named signer to the writing adds, after his name, the letters *Pres.*, and, in the body of the instrument, they style themselves president and directors of Centreville and Jacksonville turnpike company; but, before thus describing themselves, they use the personal pronouns "*we,* or either of *us ;*" and the promise is, that they will jointly and severally pay, &c., &c., binding no other person or persons but themselves.

Here the language is altogether different; the persons signing the writing do not promise to pay individually; they only stipulate that the president and directors of the turnpike road company named will pay the amount. The corporation, as must be assumed, contracts by its president and directors; and when they, in that character, undertake to pay money, it must be understood that they intend to bind the corporation they represent, and not themselves personally.

In the case referred to in *4th Metcalfe*, it is said: " It is not the trustees merely who promise, but the defendants, as trustees, promise; and, if it were otherwise uncertain whether they promised, or intended to promise, individually, all doubt is removed by the fact that they promise severally." " This several liability must be personal. It is wholly inconsistent with a restricted liability, merely in the artificial character of trustees."

In giving construction to the instrument in *Nash vs. Roberts* (1 *B. M.*, 201), which was regarded as analogous to the case then under consideration, great importance was given to the fact that the undertaking was *several*, as well as joint, by the parties to the instrument; and that, more than any other, controlled in the determination of the case.

In the writing sued on in this case no personal pronouns are used, nor is there a *several* promise to pay.

After a careful consideration of this case, and a comparison of the writing sued on with those in cases assimilated to it, we conclude that the parties to said writing did not intend to bind themselves personally for said debt; and that a fair and rational interpretation of its terms does not impose such liability; but that the corporation named is responsible to appellant.

Wherefore, the judgment is *affirmed*.