D. M. BOWMAN, ET AL., *v.* McBRAYER, TRAPNELL & Co.

**Corporation, Contracts of—Evidence, Admissibility of.**

Where a note does not purport to bind a corporation or point to its funds as the source from which it is to be paid, the use of the personal possessive "we" rebuts the presumption arising from the subsequent descriptive words "president and directors," and imparts an individual obligation on those signing it.

**Evidence, Admissibility of.**

In the absence of fraud or mistake the intention of the parties to a written contract must be gathered from the writing, and parol evidence is inadmissible to show that the appellees did not so understand the note.

## APPEAL FROM MERCER CIRCUIT COURT.

June 26, 1874.

OPINION BY JUDGE LINDSAY:

In the case of *Yowell v. Dodd, et al.,* 3 Bush 581, the promise was by the "president and directors" of the corporation. The directors constituted the corporate representatives of the turnpike company, and when they spoke in their corporate capacity, the conclusion was clear that they meant to bind the corporation, and not themselves, and there was nothing in the body of the note to rebut that presumption.

In the note in this case, the use of the personal possessive "we," rebuts the presumption arising from the subsequent use of the descriptive words, "president and directors," and necessarily imparts an individual obligation upon the part of each person signing the note.

This note differs from the notes considered in the cases of *Whitney v. Sudduth, et al.,* 4 Met. 67, and *Trask v. Roberts,* 1 B. Mon. 201, in the fact that in those notes the promise was several, as well as joint, but the reasoning in those cases is clearly applicable here.

The note sued on does not purport to bind the turnpike company, nor does it point to the funds of the company as the source from which it is to be paid. In the absence of fraud or mistake, the intention of parties to a written contract must be gathered from the writing. Hence the averments of the answer to the effect that appellants did not intend to bind themselves individually, and that appellees did not so understand the note, were inadmissible.

The demurrer was properly *sustained.*

Judgment *affirmed.*

*Kyle & Poston, for appellants.*

*J. C. Thompson, for appellees.*