WILLIAM DINSMORE, ET AL., *v.* ALEX. CRAWFORD.

**Corporation—Note of Corporation.**

Before a corporation can be held liable on a note not signed by it, it must be averred and shown that it was taken and received as the obligation of the corporation, and that by mistake the parties failed to insert language creating the liability.

APPEAL FROM NICHOLAS CIRCUIT COURT.

May 5, 1876.

OPINION BY JUDGE PRYOR:

Upon a review of the authorities bearing upon the question involved in this case we have but little doubt as to the propriety of the judgment below. It is evident that no action could have been maintained against the corporation without an averment that the turnpike company recovered the consideration, and that by inadvertence or for some other reason the liability of the real party was not expressed in the note. There is nothing upon the face of the paper showing that the money was to be applied to the benefit of the corporation, or to discharge a debt due by the corporation. The corporate name embodied in the note may imply that the corporation was interested in some manner in the consideration, but to make it liable on this instant it must be averred and shown that it was taken and received as the obligation of the corporation, and that by mistake the parties failed to insert language creating the liability.

If these independent averments must be made in order to recover against the company it necessarily follows that without such averments it must be regarded as the joint undertaking of the parties who have signed the note. This is the proper test in determining the liability of parties upon the face of an instrument like this. If averments are necessary other than that the parties signed the note and undertook to pay, together with the breach, so as to make the corporation liable, for whom it is alleged the parties represented acted,

the paper must be regarded as the obligation of those requiring it; and instead of making the question of corporate liability by demurrer it can only be made by answer. The manuscript opinion in the case of *Huff v. Orr* is of doubtful authority and was determined, no doubt, upon the idea that the obligation on its face showed that it was to pay O'Donnell for work done on the road. Such language used in the obligation has been held to be in explanation of the intention of the parties, and as it appears upon the face of the paper that the writing had been executed for the debt of the corporation it will be presumed that the parties intended to bind the corporation.

In this respect there is a material difference between the case before us and the case of *Huff v. Orr*. In the case of *Trask v. Roberts*, 1 B. Mon. 201, the note reads: "For value received, we as trustees of the town of Harrodsburgh, in the state of Kentucky, jointly and severally promise to pay," etc. In this case the question was raised by answer. The answer, however, made no other defense than could have been raised by demurrer. There was no allegation of mistake in the execution of the instrument. Much stress is laid in this case, and in fact in all the cases and bearing on the question upon the use of the personal pronouns "I" or "we" as indicating an intention to make it the individual obligation of the person or persons signing the paper. It is true the court says in that case that the undertaking is jointly and severally, and therefore is conclusive of an intention to bind themselves individually; still it is evident from the reasoning of the court that the parties would have been held if the words "jointly and severally" had been omitted. In the case of *Yowell v. Dodd* the note read: "Twelve months after date the president and directors of the Hustonville & Bradforsville Turnpike Company will pay," etc. This court held that it was the note of the incorporation and made a distinction between that case and the case of *Whitney v. Suddeth,* 4 Metcalf 297, as in the last-named case the promise is: "We or either of us, president and directors, promise to pay," etc. The effect of such language is, as has been held in all such cases, a promise to pay by the person signing the note, not in his official capacity, but as an individual. If partners do not intend to create a personal liability in such cases it is an easy matter to so express in the face of the instrument and indicate a joint or several undertaking, as in this case, to substitute the corporation as the party bound or making the promise. "The Carlisle and Jenkinsville Turnpike Road Company promises to pay" would indicate clearly the liability, and leave no room

for construction as to the intention of the parties. In the present case there is no doubt but that a personal liability exists.

Judgment *affirmed.*

*Ross & Kennedy, Chism, for appellants.*

*Hargis & Norvill, for appellee.*