CASE 44—PETITION ORDINARY—FEBRUARY 21.

# McKensey v. Edwards, &c.

### APPEAL FROM OWEN CIRCUIT COURT.

LIABILITY OF DIRECTORS OF CORPORATION ON NOTE EXECUTED BY THEM.—The plaintiff sues upon the following note: "The directors of the Jonesville and Glencoe Turnpike Road promise to pay to Andrew Hearne two hundred dollars, this note bearing ten per cent. until paid." No official designation is attached to any signature to this note. The action is against the persons whose names are signed to the note, the petition being in the usual form when based upon a promissory note. A demurrer was sustained. *Held*—That the writing must be regarded as the undertaking of the persons whose names are signed thereto, and the question of individual or corporate liability must be raised by answer, and not by demurrer. To maintain an action against the corporation upon the note it would be necessary to aver a mistake in its execution, and ask a reformation of the obligation.

J. J. LANDRUM FOR APPELLANT.

1. Such an obligation as that sued on is the personal joint and several undertaking of those signing. (Frank v. Roberts, &c., 1 B. M., 204; Pack v. White, 78 Ky., 243.)

2. Such an obligation imports no undertaking to pay on the part of the company, and in order to recover against the company, it would be necessary to aver and prove that the undertaking was for the use and benefit of the company, and that by mutual mistake the writing was executed and signed by the obligors as individuals. (Yowell v. Dodd, 3 Bush, 582.)

J. W. GREENE FOR APPELLEES.

The intention of the makers of the paper to bind the company appears upon the face of the paper, and must control. (Whitney v. Sudduth, &c., 4 Met., 296; Pack v. White, 78 Ky., 243; Caphart v. Dodd, &c., 3 Bush, 584; Yowell v. Dodd, 3 Bush, 582.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, R. McKensey, as the assignee of the

obligation, seeks to obtain a personal judgment upon this note:

"JONESVILLE, KY., Aug. 12, 1879.

"The directors of the Jonesville and Glencoe Turnpike Road promise to pay to Andrew Hearne two hundred dollars, this note bearing ten per cent. until paid.

J. W. EDWARDS,

G. W. HERNDON,

JOSEPH BROCK,

J. L. GREEN,

LEMUEL BEATTY,

JOHN McKENSEY."

The petition is in the usual form when based upon a promissory note. A demurrer was sustained to it, and the action dismissed upon the ground that the writing is the obligation of the corporation, and not of the signers as individuals. We find no case decided by this court where the obligation sued upon was exactly similar.

In the cases of Trask v. Roberts, &c., 1 B. M., 201, and Whitney v. Sudduth, &c., 4 Met., 296, the promise of the defendants to pay was both joint and several. The obligations were clearly of this form, and the cases were made to turn upon this point, as it was held that the several promise could not be otherwise than personal. The case of Yowell v. Dodd, 3 Bush, 581, is distinguishable from the one now before us. In that case the obligation reads thus:

"Twelve months after date, the *president* and directors of the Hustonville and Bradfordsville Turnpike Road *Company* will pay Leroy Yowell twelve hundred

dollars, for value received, at six per cent. interest from date; this 16th of November, 1865.

> E. J. DODD, *Pres.*
> JAMES YOWELL,
> JAS. J. DRYE,
> M. P. DRYE,
> WM. L. McCAIN."

It was held to be the obligation of the company. The differences between it and the writing now in question are italicised above. It does not appear that the president of the company united in the execution of this one. This, however, may not be material. The record does not disclose whether it is so or not. The word "company," however, does not appear in it, and no official designation is annexed to the name of any one of the signers. Upon the other hand, no personal pronouns or words expressly indicating a personal liability are used. No action could, however, have been maintained upon it against the corporation without an averment of mistake or fraud in its execution. No company is mentioned. Upon the face of the note there is no one to sue but the makers of it. A petition founded upon it against the corporation would not have been sufficient, if drawn in the usual form upon a note. It would have been necessary to aver a mistake in its execution, and ask a reformation of the obligation. The party would have been compelled to set up the omission as a mistake in the drafting of the note, and that by inadvertence, or for some other reason, it did not show the real and true obligor.

The face of the obligation does not show that the

corporation received the consideration, or that it was applied to its benefit, and an action could not be maintained upon it against the corporation without averring, and proving, if denied, that it was executed and received as its obligation, and that, by a mutual mistake in its execution, this fact was not made to appear. Upon the face of the note the corporation is not *prima facie* liable. It can not properly be said that upon its face it purports to be the note of the company. The "company" does not promise to pay it. As it would have been necessary to make these independent averments to maintain an action against the corporation upon it, it necessarily results that the writing must, upon its face, be regarded as the undertaking of the parties whose names appear to it as obligors; and the question of individual or corporate liability must be raised by a proper answer, and not by demurrer. (Pack, &c., v. White, 78 Ky., 243.)

Judgment reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.