### Reidlin Company v. Haake.

(Decided February 1, 1927.)

### Appeal from Kenton Circuit Court.

1. Principal and Surety—When Note Becomes Due Surety on Note Does Not Automatically Become Principal as Respects Limitations (Ky. Stats., Section 2551).—As respects applicability of Ky. Stats., section 2551, relating to limitation of actions against sureties, one who signed as surety on note, and after note became due, principal borrowed money to pay note and executed note for money borrowed, on which surety on previous note signed as surety, he did not automatically become principal after first note became due, and thus become principal on second note.

2. Bills and Notes—Negotiable Instruments Act Controls Questions of How Accommodation Maker of Note May be Discharged.—Negotiable Instruments Act (Ky. Stats., sections 3720b-1, 3720b-195) is controlling as to question of how accommodation maker of note may be discharged.

3. Principal and Surety—Negotiable Instruments Act Does Not Repeal Statute Relating to Limitation of Actions Against Surety on Note (Negotiable Instruments Act, Section 121; Ky. Stats, Section 2551).—Suit against surety on note, more than 7 years after cause of action accrued, was barred by Ky. Stats., section 2551, since Negotiable Instruments Act, section 121 (Ky. Stats., section 3720b-121), does not repeal Ky. Stats., section 2551, relating to limitation of actions against sureties.

GALVIN & TRACY for appellant.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Action was instituted in the Kenton circuit court by appellant against appellee on a note in the following form:

"$2,000.00.          Covington, Ky., July 20, 1915.

"Three years after date we or either of us promise to pay to the order of the Bavarian Brewing Company two thousand dollars. Value received. With five per cent interest.

"(Signed) FRANK F. LUEKE,
J. D. HAAKE."

After the execution of the note the name of the payee therein was changed to the Reidlin Company. No defense was interposed by Frank J. Lueke, but J. D. Haake filed an answer in which he pleaded that he was only a surety on the note and that no recovery could be had against him as the cause of action set forth in the petition did not accrue within seven years before the commencement of the action. The law and the facts were submitted to the court and on the submission of the case the court held that appellee was only a surety on the note and that as to him the action was barred by section 2551, Kentucky Statutes.

The argument is advanced that appellee was not a surety on this note because he had been surety on a note for $2,100.00, given to the Security Savings Bank. He and others were the surety for Frank F. Lueke on the note to the bank and it is argued that when this note at the bank became due Lueke borrowed the money from the Bavarian Brewing Company with which to pay it, and after the note at the bank was past due appellee had become a principal as the note at the bank was at the time a primary liability against him. As we understand the contention made by appellant it is that when a note becomes due the surety on the note automatically becomes a principal. We cannot agree with appellant in this contention and no authority is cited from this or any other state showing that such a rule has ever been adopted.

The other contention made by appellant is that section 2551, Kentucky Statutes, has been repealed by section 121 of the negotiable instruments act. (Ky. Statutes, section 3720b-121). If this is true an accommodation maker of a note can be discharged only as provided in the negotiable instruments act, and if appellee could have been released only as provided in the negotiable instruments act his plea that he was released by the provisions of section 2551, Kentucky Statutes, would not avail him. Appellant cites and relies on the case of Wettlaufer v. Baxter, 137 Ky. 362. We do not find this case in point. There a note was executed to Baxter by the Buffalo Carriage Top Company. Baxter sold the note to Wettlaufer and wrote his name on the back thereof. This was done before the maturity of the note. Payment was refused by the maker when the note was presented and Baxter was notified of its dishonor. Baxter defended upon the ground that the note was not a negotiable instrument and therefore he could not be held

liable unless suit was brought on it at the first term of the court after it became due against the maker and the maker prosecuted to insolvency. The sole question before the court in that case was whether the note was a negotiable instrument, and the court held that it was not.

The case of First State Bank of Nortonville v. Williams, 164 Ky. 143, is relied on by appellant. This case comes more nearly being authority on the question before us. There the question was whether an accommodation maker, that is, one who signed the note as surety for the principal, was released because the payee extended the time of payment without the knowledge or consent of the accommodation maker. When suit was instituted on the note Williams, the accommodation maker, defended on the ground that he was a mere surety on the note and that this fact was known to the bank and its liquidating agent and that he had been released because there had been no notice of dishonor, and by extension of the time of the payment given to the principal without the consent of the surety. The court rather summarily disposed of the contention that Williams was released because there was no notice of dishonor, holding that he was not released, and citing the case of Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882. The court then discussed at some length whether an accommodation maker of a negotiable instrument is released by an extension of time for payment granted to his principal without his knowledge or consent. The court found that the question had been answered in the negative almost unanimously by the courts which had given consideration to the question. It appears that almost without exception the courts have held in such cases that an accommodation maker cannot be discharged from his liability except in the manner provided by the negotiable instrument act, and as the negotiable instrument act does not provide that an accommodation maker shall be released by granting an extension of time to the principal without the consent of such accommodation maker, he is not released by reason of such extension of time. The court said:

"Having covered the entire subject of discharge and release from liability, and having provided that parties secondarily liable may be released by extension of time, without any such provision affecting parties primarily liable, it is reasonable to conclude

that the legislature did not intend that parties primarily liable should be so released."

Many cases are cited in support of this conclusion. The court held that an accommodation maker is primarily liable on a note. The court then stated its position on the question as to whether the negotiable instrument act applies solely to instruments that have been actually negotiated to a holder in due course. The court seems to take the position that the law applies to all negotiable instruments, regardless of whether they have been actually negotiated to a holder in due course, and quotes from the case of Wettlaufer v. Baxter, *supra*, as follows:

"In short, if a note is not a negotiable instrument within the meaning of this act, then the rights and liabilities of the parties on it are to be determined by the law as administered with reference to nonnegotiable instruments. If it is a negotiable instrument in the meaning of the act, then the rights and liabilities of the parties to it are fixed and determined by the provisions of the act alone."

In reaffirming the previous conclusions of the court in the Wettlaufer case, *supra,* the court said:

"We, therefore, conclude that if the note itself is negotiable, the act applies, whether it be actually negotiated to a holder in due course or not."

This brings us to the question whether the negotiable instrument act repeals section 2551, Kentucky Statutes. It will be seen that this particular question was not discussed either in the Wettlaufer case or the Williams case, *supra.*

In the case of Southern National Bank v. Schimpler, 160 Ky. 813, the question as to whether the statute of limitations existing prior to the passage of the negotiable instrument act had been repealed by that act was discussed and determined. In that case Charles Schimpler had executed his note to the Southern National Bank with Mary Pfingst as surety. Suit was instituted on the note and the surety entered her plea and set up that she was merely a surety on the note and that this fact was known to the bank; that the bank had extended the time of payment by accepting interest from the principal without her consent and by reason of these agreements of extention she had been released. Further, she pleads that the

note was by law put on the footing of a bill of exchange and that more than five years having elapsed between the maturity of the note and institution of the action, it was barred by limitation. The lower court sustained the plea of limitation and dismissed the petition. Two questions were presented to this court for decision. One whether the bank without the knowledge and consent of the surety extended the time of payment and the other whether the five year statute of limitations applied. The court disposed of the first question by holding that the bank had stated that no such agreement as to extensions was made and that there was not sufficient evidence to show that such extensions had been made. In the Williams case, *supra,* decided after the Schimpler case, the court held that such an extension would not have released the surety. The court then took up the question as to whether section 2515, Ky. Stats., relating to the time in which an action on a bill of exchange must be commenced, applied to the case. The court then refers to section 2551, Ky. Stats., relating to the discharge of a surety from liability on a note, and says that the question is whether section 2515 or 2551 applies in the particular case. The conclusion of the court in the Schimpler case was that section 2515, Ky. Stats., as it applied to negotiable notes placed upon the footing of bills of exchange had been repealed, and following this conclusion the court held, without deciding whether the note in question had been placed upon the footing of a bill of exchange, that the five year statute, that is, section 2515, did not apply, and that the seven year statute, that is, section 2551, as to sureties did apply.

The Schimpler case is not referred to in the Williams case, *supra,* and there is no conflict between the two cases as they are written. The opinion in the Schimpler case, however, left matters in some confusion, but upon the consideration of a petition for rehearing filed in the case the court modified the original opinion by withdrawing so much thereof as held that any part of section 2515, Ky. Stats., had been repealed, and held that the five year limitation provided in said section is applicable only when the note has been actually negotiated before maturity and thereby placed upon the footing of a bill of exchange and is in the hands of a third party. But so long as the instrument remains in the hands of the original payee it

is not upon the footing of a bill of exchange and is controlled by the fifteen year statute of limitations as to the principal therein and the seven year statute as to the sureties therein. The court then said:

> "This fact leaves in force the five year statute as to negotiable notes placed upon the footing of bills of exchange by being negotiated before their maturity, and leaves in force the fifteen year and the seven year statute as to all negotiable notes in the hands of the original payee." (160 Ky. 813.)

It cannot be well said that it was the intention of the court in the Williams case, *supra,* to overrule any part of the opinion in the Schimpler case, *supra.* The two are not in conflict. The Williams case holds that the negotiable instrument act is controlling touching all matters coming within the purview of the act. Since the question of how an accommodation maker of a note may be discharged falls within the purview of the act, its provisions are controlling, but as the negotiable instrument act does not attempt to prescribe any periods of limitation the sections of our statutes relating to the time in which suit must be brought on notes placed on the footing of bills of exchange, is still in force; also the statutes of limitation applying to the principal and surety on notes, which statutes were in existence at the time the negotiable instrument act became a law, are still in force. It is evident, therefore, that the court has treated section 2551, Ky. Stats., as a statute of limitation relating to sureties and not a statute providing for the discharge of sureties.

The lower court having reached this conclusion we find no error in the judgment. The judgment is affirmed.