## Harned v. Harned.

(Decided Nov. 26, 1937.)

STEINFELD & STEINFELD for appellant.

R. F. PEAK and JOS. W. FITZPATRICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The introductory to brief for appellant on this appeal is in this language: "This case presents to the Court only a question of law. Was appellee surety on the note of February 4, 1924, for $2,800.00 filed with the petition as Exhibit A? All other matters are now out of the case." Counsel in making that statement were unqualifiedly correct. The litigation was commenced by the appellant against the Louisville Clothing Company and others; the company being a corporation and the stock of which was owned by appellee and some brothers, one of whom was the now deceased husband of appellant and plaintiff below. There were also one or two other stockholders.

On February 4, 1924, the company borrowed from appellant $2,800, and executed its note to her for that amount with certain sureties, among whom was appellee and one of the defendants below, Asa Harned. A payment of $1,000 was later made thereon by the company. It later executed a similar and separate note to plaintiff with the same sureties, or at any rate with the appellee and defendant, Asa Harned, as one of the sureties, and its amount was $1,900. This action was eventually filed by plaintiff against all of the makers of the two notes to recover the balance due on both of them, which was the full amount of the $1,900 one and the balance of $1,800 on the first one. Certain defenses were made by the clothing company and appellee here, all of which were disallowed. But, in addition to those defenses, appellee pleaded that he signed the $2,800 note only as surety for his principal, the Louisville Clothing Company, and that such fact was known to the plaintiff, the present appellant. He then averred that more than seven years had elapsed since the maturity of the note and before the action was filed, and that plaintiff's cause of action against him as such surety was barred by the provisions of section 2551 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes.

Plaintiff's demurrer to that defense was overruled and an issue was formed thereon. The cause was then

referred to the court's commissioner to take proof and report upon the issues raised by the pleadings, among which was appellee's special defense afforded to a surety by our limitations statute, supra. That officer took proof and filed his report, in which he found that appellee was only surety on the notes, and recommended that he be discharged from liability for any balance due on the $2,800 note, but that he was not so relieved from liability as to the $1,900 note, since the limitation period of seven years had not elapsed from its due date until the filing of the action. The report also dealt with other matters, but they are immaterial to the only question involved on this appeal. Exceptions were filed by both parties to the commissioner's findings with reference to appellee's liability on each of the notes; i. e., he excepted to the commissioner's disallowance of his other defenses to both notes, and plaintiff (appellant) excepted because the report sustained appellee's plea of limitation as to the balance due on the $2,800 note. We are only concerned with the exceptions filed by appellant and which the court overruled and dismissed the action against appellee in so far as it sought recovery on any part of the $2,800 note. From that judgment, appellant prosecutes this appeal.

The first criticism that counsel for appellant makes against the judgment, as we construe their brief, is that, since there was nothing on the face of the $2,800 note to indicate that appellee was not a joint principal with the Louisville Clothing Company, his later proven actual principal, it was incompetent to allege and prove by parol testimony a different relationship (i. e., that of surety instead of principal) from that which the face of the note disclosed—at least presumptively. Among the cases cited to sustain that argument is the very late one of Eigelbach v. Roppel, 263 Ky. 604, 92 S. W. (2d) 764; the other cited ones being in line with it. But the rule approved, upheld, and applied in those cases is broadly removed from the one herein sustained and applied by the trial court, and the only one involved on this appeal. In those cases the court properly upheld the firmly established rule that it is incompetent to vary the terms of a written contract by parol proof of contemporaneous facts in conflict with the writing, so as to create a different obligation from what the instrument shows on its face, except where reformation is sought and an effort made to conform the instrument to the

true facts. Nothing of the kind is undertaken here by appellee; nor did the court permit any proof to be introduced looking in that direction. The court did, however, proceed upon the well-established principle that the introduction of parol testimony to show the relationship of a particular signer to a written obligation (i. e., whether principal or surety) is not a violation of the above-stated and well-established rule; and that such relationship may be so shown (and especially where the facts are known by the payee or obligee) by parol proof and the rights of the parties be determined from the facts as so disclosed. We have no hesitancy in sustaining the court's finding that the appellee, Asa Harned, was only a surety on the involved note, which is clearly shown by the parol proof taken before the commissioner and later filed with the court. Being of that conclusion, we will not rehearse or further discuss it.

Substantiating the principle that the reception of such proof, for the purpose last indicated, is not forbidden by the one disallowing that character of proof to alter the terms and obligations of the writing, we cite the text in 21 R. C. L. 972, sec. 25, and the cases of Yowell v. Dodd, 3 Bush 581, 96 Am. Dec. 256; Youtsey v. Kutz, 60 S. W. 857, 22 Ky. Law Rep. 1520; Craddock v. Lee, 61 S. W. 22, 22 Ky. Law Rep. 1651; Weller v. Ralston, 89 S. W. 698, 28 Ky. Law Rep. 572, and Reidlin Co. v. Haake, 218 Ky. 47, 290 S. W. 1050, 1052.

But counsel furthermore argue that, notwithstanding the settled principle as above outlined, the pleaded limitation may not be invoked by appellee, and to sustain that contention they cite and rely on the cases of First State Bank of Nortonville v. Williams, 164 Ky. 143, 175 S. W. 10; Elsey v. Peoples' Bank of Bardwell, 168 Ky. 701, 182 S. W. 873, and others of like nature. Those cases simply hold that an accommodation maker, in the absence of something appearing to the contrary on the face of the instrument, is a primary obligor to the payee and incurs thereby primary liability to his payee and does not become a party to the instrument who is only "secondarily" liable; the court in those cases expressly holding that section 3720b-191 of our Statutes, supra (being a part of our Negotiable Instrument Act), having so prescribed as interpreted in those opinions. The cases did not deal or purport to deal with the question of limitations, but only held that the

liability of a surety, or an accommodation maker, was a primary one to the obligee as long as it lasted, or during the time within which it might be enforced, but none of them purported to determine what that period was.

However, we did deal with and determine that question in the cases of Southern National Bank v. Schimpeler, 160 Ky. 813, 170 S. W. 178; Reidlin Co. Case supra, and others referred to in them. In the course of the opinion delivered in the last one (Reidlin Company), it was said: "It cannot be well said that it was the intention of the court in the Williams Case, supra, to overrule any part of the opinion in the Schimpeler Case, supra. The two are not in conflict. The Williams Case holds that the Negotiable Instrument Act is controlling touching all matters coming within the purview of the act. Since the question of how an accommodation maker of a note may be discharged falls within the purview of the act, its provisions are controlling, but as the Negotiable Instrument Act does not attempt to prescribe any periods of limitations the sections of our statutes relating to the time in which suit must be brought on notes placed on the footing of bills of exchange is still in force; also the statutes of limitation applying· to the principal and surety on notes, which statutes were in existence at the time the Negotiable Instrument Act became a law, are still in force. It is evident, therefore, that the court has treated section 2551, Ky. Stats., as a statute of limitation relating to sureties and not a statute providing for the discharge of sureties."

It is therefore clear that the trial court did not err in applying the seven-year limitation statute relied on by appellee.

Wherefore, for the reasons stated the judgment is affirmed.