CHAPMAN DRUG COMPANY, INC., d/b/a Chapman Drug Company, Appellant,

v.

Louis H. GREEN, Jr. and Murphy H. Green, Individually and as Co-Executors of the Estate of Louis H. Green, Deceased, Appellees.

Court of Appeals of Kentucky.

Dec. 14, 1984.

Discretionary Review Denied by Supreme Court March 13, 1985.

Susan Coleman Lawson, Harlan, for appellant.

Henry S. Johnson, James S. Greene, Jr., Harlan, for appellees.

Before COMBS, GUDGEL and HOWERTON, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Harlan Circuit Court which dismissed an action to enforce a promissory note. The court adjudged that appellees' decedent signed a promissory note as an accommodation indorser, and that appellant's action to enforce the note is barred by KRS 413.220(3), the seven-year statute of limitations governing contractual liabilities of sureties. Appellant contends that the court erred in these determinations. We disagree. Hence, we affirm.

On August 2, 1967, Louis H. Green, appellees' decedent, executed and delivered a promissory note to Hamilton National Bank. The note was evidence of a debt owed to the bank by Minnis Radio Center Drug, Inc. Green was president of the corporation and signed the front of the note in that capacity. He indorsed his signature on the back of the note, however, in his individual capacity. Appellant Chapman Drug Company, Inc., through its president, indorsed the back of the note immediately below Green's signature. On November 10, 1967, appellant paid the bank the principal balance due on the note. Green died on December 22, 1978, and appellees were appointed co-executors of his estate. Appellant filed this action against appellees on June 17, 1981. It sought a judgment against Green's estate for the amount it paid Hamilton National Bank to acquire title to the disputed note plus accrued interest. Appellees filed a motion for judgment on the pleadings on the ground that Green signed the note as an accommodation indorser, and thus, that the action against his estate was barred by the seven-year statute of limitations applicable to sureties, KRS 413.220(3). The court granted appellees' motion and dismissed appellant's action. This appeal followed.

Appellant argues the court erred by finding that Green was a surety since he did not specifically designate himself as such when he indorsed the disputed note. We cannot agree.

Article 3 of the Uniform Commercial Code (KRS Chapter 355.3) recognizes that there are two types of indorsers. First, there are indorsers who are within the chain of title to the instrument. By indorsing the instrument this indorser engages that if it is subsequently dishonored he or she will pay it. KRS 355.3–414. However, if a person indorses a note outside the chain of title, that person is an accommodation indorser, and liable on the instrument in that capacity. KRS 355.3–415(2). Here, it is undisputed that Green indorsed the back of the note outside the chain of title for the purpose of accommodating his corporation. By doing so he became liable on the note as an accommodation indorser. KRS 355.3–415(4).

The Official Comment on Section 3–415(1) of the Uniform Commercial Code, 2 U.L.A. 448–449 (1977), comments on the status of accommodation parties as follows:

1. *Subsection (1) recognizes that an accommodation party is always a surety (which includes a guarantor), and it is his only distinguishing feature.* He differs from other sureties only in that his liability is on the instrument and he is a surety for another party to it. His obligation is therefore determined by the

capacity in which he signs. *An accommodation maker or acceptor is bound on the instrument without any resort to his principal, while an accommodation indorser may be liable only after presentment, notice of dishonor and protest.* The subsection recognizes the defenses of a surety in accordance with the provisions subjecting one not a holder in due course to all simple contract defenses, as well as his rights against his principal after payment. (Emphasis added.)

■ This jurisdiction adheres to the view that the official commentary on a uniform act is persuasive authority for purposes of interpreting the act. *Couty v. Kentucky Farm Bureau Mutual Insurance Co.,* Ky., 608 S.W.2d 370 (1980). Pursuant to this rule, therefore, we hold that a person who signs a promissory note as an accommodation indorser is a surety for purposes of Kentucky law. It follows, therefore, contrary to appellant's contention, that the court did not err by finding that Green was a surety even though he did not specifically designate himself as such when he signed the disputed note.

■ Next, appellant contends that by relying upon KRS 413.220(3), the statute of limitations applicable to sureties, the court impermissibly extended the scope of that statute by implication. This contention is without merit. At the time Article 3 of the Uniform Commercial Code was enacted in Kentucky, KRS 413.220(3) was in effect. The legislature left this statute unchanged and did not enact any new statute of limitations to govern actions arising under Article 3 of the Code. We conclude, therefore, that the legislature intended that KRS 413.-220(3) would be the statute of limitations applicable to actions against persons who have acquired the status of a surety under Article 3 of the Code. *Reidlin Co. v. Haake,* 218 Ky. 47, 290 S.W. 1050 (1927).

The court's judgment is affirmed.

HOWERTON, J., concurs.

COMBS, J., dissents.