JUDGE ROBERTSON
delivered the opinion op the court:
On the 5th of September, 1868, the appellee, Hodge, as administrator of John W. Tibbatts, deceased, brought this suit against the appellants on three promissory notes executed by them in the year 1848 for land sold and conveyed by the intestate to them, with a reservation of a lien for securing payment. The petition showed that Hodge was qualified as administrator in August, 1852, and that the last of the notes had become due more than fifteen years before the institution of the suit, and prayed for a judgment on the notes, and an enforcement of the lien.
The answer, admitting the allegations, relied on three defensive grounds, the last of which pleads the statute of limitations. The circuit court sustained a demurrer to the entire answer, and rendered judgment for the amount of the notes, and also for enforcing the lien.
Being of the opinion that the action is barred by time, we shall not consider either of the other defenses.
As the retrospective enactment of 1865 (Myers’ Supplement, 295) left twelve months for suing on causes of *540 action pre-existing, it constitutionally operates and makes the limitation fifteen years in this case. Consequently, as the administration and cause of action had both existed more than fifteen years when this suit was commenced, the unanswered- plea is a prima facie bar to a judgment on the’notes. And■ no action being maintainable on the notes, the lien, which is only a mere security, cannot be enforced. There is no express trust. The lien is only a peculiar sort of resulting trust; and the-statute of limitations applies to all implied trusts. Besides, had the trust been express, and not within the statute, still.it could not be enforced as the mere incident to the debt, which is the principal, if the debt itself is paid or barred by time. • ^ ■
Wherefore, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer.