JUDGE PETERS
delivered the opikion oe the court.
This action was brought by appellee as administrator de bonis non, with the will annexed, of "William R. Beaty, deceased, against John Armstrong and Thompson Yeates, on the 24th of August, 1867, on a note for sixty dollars, executed by said Armstrong to Beaty on the 13th of April, 1840, and due the 1st of January, 1841; which note, as is alleged in the petition, was executed in consideration of land sold and conveyed to Armstrong, and upon which a lien was retained for the security of said debt; that the land was sold and conveyed to Pennington by Armstrong, and Pennington gave it to appellant Yeates, who is his son-in-law.
Armstrong, the obligor in the note, pleaded the statute of limitations as a bar to the action. Yeates made no defense, and on the trial the circuit judge dismissed the action against Armstrong, but adjudged that the petition he taken for confessed against Yeates; that the plaintiff below had a lien on Yeates’s land for the amount of the note and interest, and ordered a sale of so much of the land as should be required to pay the amount of the purchase-money, interest, and costs; and from that judgment Yeates has appealed.
The debt for which the action was brought was Armstrong’s. It is not alleged that Yeates ever owed it, but he was the owner of the real estate on which a lien had once existed to secure it; and whenever the debt ceased to exist, whether it was barred by time or extinguished by payment, the security was lost. It would be strange indeed if a debt which had been paid or barred by time could be resuscitated and enforced by means of a security that was given at its creation for the payment thereof.
The security is an incident that follows the legal obligation to pay, and whenever that obligation ceases, the *440 security, from the very nature of the case, must cease with it; for there can be no security for a debt which has no legal existence. (Vandiver v. Hodge, adm’r, 4 Bush, 538.) As therefore the statutory bar was relied upon by Armstrong, and was available to defeat the action as to him, 'no judgment could be properly rendered to subject the land to sale to pay a demand which had no legal existence.
Wherefore the judgment is reversed, and the cause is remanded, with directions to dismiss the petition as to appellant Yeates.