CASE 59—EQUITY—FEBRUARY 19, 1881.

# Prewitt, &c., v. Wortham, &c.

### APPEAL FROM GRAYSON CIRCUIT COURT.

1. A mortgage executed to secure an account, without any covenant therein to pay, is a mere incident to the demand, and cannot stand upon the footing of a written obligation to pay a debt.

2. The demand is barred in five years.

.JAS. S. WORTHAM FOR APPELLANT.

The mortgage contains no covenant to pay the demand, and is only a security for it. Clearly, appellees' claim is only an account, and is barred in five years.

·G. W. STONE FOR APPELLEE.

No property that had been mortgaged was found. Burtle's claim, evidenced by the mortgage, stands upon the footing of a specialty.

.JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an action against heirs to sell the real estate of the ancestor to pay debts. One Burtle comes in by cross-petition, asserting a claim secured by mortgage on personal property, but the property having been consumed by the decedent, Burtle is permitted to assert claim as a general creditor. To this claim the five years' statute of limitation as to accounts and contracts not in writing was interposed. The mortgage was executed in 1861, and the claim against the estate asserted in 1874, less than fifteen years after execution of the mortgage, but more than five years after the date of the mortgage. In the absence of a written obligation to pay, the statute requires, in addition to the affidavit of the claimant, other evidence. In this case there is no proof of the claim except the affidavit of Burtle and the mortgage. This presents the question whether the mortgage is "a written contract" which may be enforced at any time within fifteen years from its execution, or whether the

claim is based upon "a contract not in writing," and therefore barred within five years.

The mortgage recites that it is made to secure an indebtedness of two hundred dollars, without specifying how the indebtedness arose or how it is evidenced, and concludes: "The above obligation is such that if the said Prewitt shall well and truly pay the above-named two hundred dollars, then this obligation to be void."

The test of whether this is "a written contract" within the fifteen years' statute of limitations depends upon whether it could be declared on as a covenant to pay. If an action could be brought and recovery had upon the mortgage as a substantive agreement, the statute as to written contracts applies; but if it cannot be so declared upon and a recovery had, it comes within the five years' statute of "contracts not in writing," and the right of recovery is barred. The element wanting here is of a substantive promise to pay. Even in a petition upon a note there must be an allegation of a promise, notwithstanding the note declared upon contains an undertaking to pay.

A mortgage may be so drawn as to contain an independent agreement which absorbs the original contract, but in the usual form, a mortgage is simply a collateral undertaking and is a mere security for the debt. The rule in this state in reference to mortgages, whether on personal or real estate, is, that they are mere securities for the debt. No title passes to the mortgagee, and no right is acquired by the mortgagee, except as an incident to the debt. When the debt to secure which the mortgage was given is barred by statute, the incident goes with the principal, and the mortgage ceases to be enforceable. The learning upon this subject is well presented by Justice Sergeant in Scott v. Field, 7 Watts, 360.

(See also Hall *et al.* v. Byrne *et al.*, 1 Scammon, 140; Culver v. Sisson, 3 N. Y., 264.)

Frequently an action will lie upon an instrument in writing which is a mere acknowledgment of the debt, and in which there is no express promise to pay, when an action would not lie upon the same language contained in a mortgage. In the one case the writing is presumed to be given as evidence of an agreement to pay, because it can have no other effect, and would, if not so construed, be meaningless; but in the case of a mortgage, the language used is presumed to have been so used to effect the usual object of a mortgage, which is to put in lien property as security for a debt. In either case it is a question of intention as to whether the writing was designed to evidence a contract to pay money, or was only intended to give security for a debt. In Kendal v. Talbot, 2 Bibb, 614, the following language was held to be a covenant to pay four dollars per acre for five hundred acres of land, subject to a credit of eleven hundred dollars: "We purchased of William Kendal a tract of land, supposed to be 500 acres, at four dollars per acre, and have paid eleven hundred dollars." But such language used in a mortgage primarily designed to give security for a debt might receive quite a different construction. (See also Metcalf's ex'r v. Poindexter's ex'r, 4 Met., 52.)

The case of Marryat v. Marryat, 28 Beavan, 224, decided in 1860, is in point. The facts as stated by the reporter are: by indenture dated in 1852, and made between Marryat, the intestate, and Hallett, a creditor, which recited that Marryat was indebted to Hallett in the sum of £4,441, 7s. 1d., "as the said Marryat did thereby admit and acknowledge," and that Marryat was unable to pay it, and

that Hallett had agreed to forbear enforcing payment, and that in consideration thereof Marryat had agreed to execute the assignment after mentioned, it was witnessed that Marryat assigned to Hallett certain property to which he was entitled under the wills of two relatives, upon trust to sell, and out of the money received to retain £4,441, 7s. 1d. and interest, and to stand possessed of the residue in trust for Marryat. *The deed contained no covenant for the payment of the debt*, but there were covenants for title and for further assurance.

The question was, whether Hallett was entitled to rank as a specialty creditor or as a mere simple contract creditor.

The Master of the Rolls uses this language: "The deed was executed not for the purpose of creating any covenant from Marryat, but for the purpose of giving a security for the simple contract debt." In speaking of Courtney v. Taylor, 7 Scott (N. S.), which he says is not distinguishable from this, it is said: "In that case nothing could be more clear than that the sole object was to give security for the amount of the debt, and that being the object of the deed, the court, though there was a recital expressly admitting and acknowledging the debt, said the object of the deed is to give this security, and not to alter in any other respect the liability of the parties, and therefore this recital creates no specialty." The conclusion was that no covenant existed.

We conclude that Burtle's mortgage was given merely as a security for the debt, and does not contain a covenant on which an action would lie, and that the debt is barred by the five years' statute.

The statute of limitations does not apply to the claim of Dr. Heston, but the affidavit to the claim does not conform

Prewitt, &c., v. Wortham, &c.

'to the law. The claimant in his affidavit uses the expression "*just* credits, set-offs, or discounts." In Leach v. Kendall's adm'r, 13 Bush, 424, we held that the use of the word *just* in that connection was fatal to the proof of the claim. That opinion gives the reasons for our conclusions, and we need not repeat them here.

Judgment reversed, and cause remanded with directions for further proceedings.

To a petition for rehearing—

JUDGE HINES DELIVERED THE FOLLOWING RESPONSE:

If it be conceded that the statute of limitations is not pleaded in such a way as to give appellants the benefit of it, our opinion that the judgment should be reversed as to the claim of Burtle is not altered. The evidence is not sufficient to support the claim as a subsisting liability. The mortgage being only an incident to the debt, amounts in evidence to nothing more than an oral declaration made by the decedent in 1861 that he was at that time indebted to Burtle, on account, the sum mentioned in the mortgage, and when considered in connection with the fact that no effort is made to account, for the disposition of the property covered by the mortgage, and no effort made to enforce the payment of the debt until more than thirteen years after the date of the mortgage, and until more than eight years after the claim would have been barred by limitation, there is clearly a failure of proof that the claim is a subsisting demand. The answer and exceptions of the guardian *ad litem* put in issue every fact necessary to be established to authorize a recovery; that is, the creation of the debt and that it has not been paid, and as this goes to the merits of the claim, the adults are as much entitled to shelter themselves behind it

as the infants.    (Leach v. Kendall's adm'r, 13 Bush, 426.)
There is no proof of the debt except the mortgage, and
that, under the circumstances of this case, is not sufficient.

Petition overruled.