N. R. JONES, ET AL. *v.* SCOTT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5.—858.]

**Statute of Limitations.**

Where a proceeding is begun to foreclose a mortgage before barred by the statute of limitations, the cause of action is not barred by the statute merely because the petition was not sufficient and had to be amended and the amendment was not filed until

more than fifteen years after the cause arose. The filing of an amended petition is not the beginning of a new action.

APPEAL FROM BATH COURT OF COMMON PLEAS.

April 17, 1884.

OPINION BY JUDGE PRYOR:

We concur with counsel for the appellants that the present action is to foreclose the mortgage of 1851 to satisfy the judgment of 1855. Scott, in 1851, had mortgaged the land in controversy to Price and Thompson to secure certain sums of money, and after the mortgage had been recorded the appellant, Jones, with notice, actual or constructive, of its existence purchased the land of Scott. Price and Thompson, or those representing them, proceeded by an action in equity to recover judgment against Scott and to enforce the lien on the land sold Jones. A judgment was rendered in 1855 against Scott for the amount due by the notes which the mortgage was executed to secure, but continued the case so far as it was sought to subject the land to the lien, by reason, as we must assume, of the defense made by Jones. Before the final determination of the suit for the purpose of enforcing the lien the records were destroyed, as counsel states, by the burning of the clerk's office, and in May, 1864, a new action was instituted by Price and Thompson's administrator to enforce the lien, to which Scott and Jones were made defendants. So the case will be considered as if the action to foreclose was instituted for the first time in May, 1864, less than ten years after the judgment had been rendered against Scott fixing the amount he owed by reason of the notes and mortgage.

The litigation as to Scott had ended, and the object was to make the land that he had previously mortgaged, and then sold to Jones, liable for the mortgage debt. Jones defended on the ground of payment, want of notice, etc. A judgment was rendered against Jones foreclosing the mortgage in September, 1869, and an appeal taken to this court and reversed, the record showing that the plaintiffs failed to disclose a cause of action against Scott, and besides he was not before the court on the issues made, as the opinion recites. In the petition of 1864 it was alleged that a mortgage had been made to plaintiffs by Scott and the land was in possession of

Jones by purchase, and they therefore asked judgment to foreclose. In March, 1866, an amended petition was filed alleging that there was due to Price $———— and to Thompson's administrator $————, which is fully shown by the report of the commissioner in the case of *Thompson's Admr. v. Thompson's Heirs.* This was the same action in which the judgment of 1855 was rendered.

The judgment below being reversed on these defective pleadings, and for the reason that Scott was not before the court, on the return of the cause the pleadings were cured by amendments filed, to which amendments the appellants on the .24th day of March, 1874, filed the plea of the statute of limitations of five and fifteen years. The amended pleadings filed on the return of the cause after the reversal of the judgment of September, 1867, sought to enforce the lien alleging the nonpayment by Scott or any one for him of the judgment of 1855. The limitation, if any, preventing the recovery is that of fifteen years, and is based on the idea that no execution having been issued on the judgment of 1855 against Scott, and no action brought against him until the amendment filed on the 24th of September, 1873, he could rely on the statute, and if so his vendee can make the same defense. This is really the only question in the case, as the plea of payment is not sustained and the notice of the mortgage, actual and constructive, appears.

Scott was certainly a mere formal party to the foreclosure of the mortgage; and while he was a necessary party that he might make defense occurring since the personal judgment against him, if any he had, so as to relieve him from liability to his vendee or enable him to protect the latter, no relief could have been granted against Scott and none was asked for. His liability was fixed by the judgment in personam. He had sold and conveyed the land to Jones. The latter was in possession, and the only question was whether this land should be sold to satisfy the lien.

The petition filed in May, 1864, and the amendment of March 29, 1866, was to foreclose the mortgage to satisfy the debt evidenced by the judgment of 1855. The cause of action was defectively stated, and as the record then showed Scott was not before the court. The amendment filed on the return of the cause in September, 1873, presented no new cause of action, but made the original action more certain and specific. The object of each was the same, to foreclose the mortgage in satisfaction of the judgment of

1855; so there is no reason for sustaining the plea of limitation upon the ground that the amendment of September, 1873, presented a new cause of action, distinct from the other.

As to Scott not being before the court in the action of 1864 it appears that when the record was in this court there was no evidence of service on Scott, and that was one of the reasons given for the reversal. On the return of the case and when this action was tried, Nesbitt swears positively that he took the process on the amended petition of 1866 and handed it to the sheriff or deputy, and after this saw the summons returned executed, and was surprised to find when the case was brought to this court by Jones that there was no process returned executed against Scott. His statement is direct and positive as to the issual and service of the process. Gudgell, another witness, and his partner, say that the process was issued, and Nesbitt is corroborated so strongly by Johnson, the clerk of Rowan county, as to leave no doubt of the fact that the summons was issued. Nesbitt says that Scott was in Rowan county; that he took the summons from his county (Bath) to Rowan to have served; and he states who he went with, and the circumstances attending the trip. Johnson says he saw him in Morehead, the county-seat of Rowan, inquiring for the sheriff and saying that he wanted him to execute a summons. Scott states that he was served with a summons, and from the proof there can be but little doubt on the subject.

It is urged that as the judgment was reversed it is conclusive that as between the parties Scott was not before the court. If this be conceded it is not conclusive of the fact that no summons was issued. The issuing of the summons is the commencement of the action, and while there may have been no evidence of service in this court, there is undoubted proof that the summons was issued, and so far as Scott is concerned he can not rely on the statute, because the proof shows that there was an action pending against him in 1866.

Fifteen years therefore have not elapsed before the commencement of the action against Scott. We do not agree with counsel for the appellee that where the remedy authorizing a recovery on the notes or judgment is barred the lien may still be enforced; but on the contrary, where the debt or its recovery is barred, the incident (the mortgage) goes with the principal and the lien can not

be enforced. The fact that when the amendment of 1873 was filed a summons was issued against Scott to answer the original and amended petitions does not estop the appellees from showing that a summons was actually issued in the year 1866. Whether Jones could rely upon the statute if Scott had not been served, or no summons issued against him under the facts of this case, is not necessary to be determined. *Prewitt v. Wortham,* 79 Ky. 287, 2 Ky. L. 282.

In our opinion the judgment below was proper and is now *affirmed.*

Reid & Stone, for appellants.

R. Gudgell & Son, for appellees.

[Cited, *Southern Contract Co.'s Assignee v. Newhouse,* 23 Ky. L. 2141, 66 S. W. 730.]