## Russell, et al. v. Centers, et al.

(Decided April 30, 1913.)

### Appeal from Breathitt Circuit Court.

1. Mortgages—Given Without Execution of Note—Action to Enforce —When Will Be Barred.—A mortgage given to secure the payment of money loaned by the mortgagee to the mortgagors, without the execution by the latter of a note therefor, is valid, but if not enforced within five years next after the mortgagee's right to sue for its enforcement accrues, an action thereon will be barred by the five year statute of limitations.

2. Mortgages—Action to Enforce Mortgage Lien—Limitation.—If, however, a payment be made by the mortgagors upon the debt secured by the mortgage, within five years next after the loan is made, the statute of limitations will begin to run from the date of such payment, and an action to enforce the mortgage lien brought by the mortgagees at any time within the five years next succeeding the date payment is made on the debt will not be barred by the statute.

3. Mortgages—Writing Given at Time of a Payment on the Mortgage Debt—What Does Not Constitute Novation.—A writing, given by the mortgagor to the mortgagee, at the time of making a payment on the debt secured by the mortgage, merely for the purpose of showing the balance supposed to be due upon the debt, did not constitute a novation.

4. Novation—Like Other Contracts Must Be Supported by Consideration—What Not A Novation.—A novation is a contract and, like other valid contracts, must be supported by a consideration, which is the discharge of the original debt. If, therefore, the agreement does not, or was not intended to effect the release of the debtor from the old debt, it is not a novation.

G. W. FLEENOR for appellants.

J. J. C. BACH, GRANNIS BACH for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

On September 5th, 1904, the appellees, Hiram Centers and Sarah Ann Centers, his wife, borrowed of the appellants, Orlena Russell and William Russell, her husband, $300 to be repaid one year thereafter with six per cent interest from the date of the borrowing until paid. The borrowers did not execute a note for the $300, but, at the time it was obtained, executed to appellants as security for its payment, a mortgage upon a house and lot in the city of Jackson owned by Hiram Centers. The mortgage was duly acknowledged by the mortgagors and immediately thereafter recorded in the office of the clerk of the Breathitt County Court.

On March 27th, 1905, the appellee, Hiram Centers, paid appellants $150 on the debt secured by the mortgage and on July 7, 1905, made a further payment thereon of $50. When the last payment was made the appellee, Hiram Centers, who was at the time intoxicated, insisted upon giving the appellant, William Russell, to whom the money was handed, a memorandum or due bill, showing the balance due on the debt. This paper was written by Crain, a merchant, in whose store the $50 was paid, and, by mistake on his part, was executed to the appellant, Orlena Russell, alone. The writing is as follows:

"Due Orlena Russell $100, One Hundred Dollars, balance on mortgage."

"HIRAM CENTERS—March 27, 1906."

It is admitted by the parties and draftsman that the date "March 27, 1906," in the above writing is a mistake, and that the true date of its execution was July 7, 1905, though it did not when delivered to William Russell bear any date, and also admitted by the latter that he inadvertently dated it March 27, 1906, when he, on that date, submitted it to the inspection of L. Y. Redwine. No other payment was made on the debt by the mortgagors, and on July 5, 1910, appellants brought suit in the Breathitt Circuit Court for the amount of the debt secured by the mortgage, subject to the credits of $150, paid March 27, 1905, and $50 paid July 7, 1905, and for the enforcement of the mortgage lien. As the appellees, Hiram Centers and Sarah Ann Centers, after the institution of appellant's action, by deed conveyed the mortgaged premises to their children, Alex, Henry and Lucile Centers, the first a non-resident of the State, and the last

two infants, reserving to themselves a life estate therein, the remaindermen were joined with their parents as defendants to the action, and an attorney was appointed for the non-resident and guardian *ad litem* for the infants. No resistance was offered by any of the defendants to appellants obtaining the relief prayed in the petition, and, upon a submission of the case, judgment was rendered in their favor against 'Hiram Centers and Sarah Ann Centers for their debt and interest, subject to the credits mentioned; also for their costs and the enforcement of their mortgage lien in satisfaction of the mortgage debt. The real estate covered by the mortgage was sold by the court's commissioner as directed by the judgment, and appellants, being the highest and best bidders, became the purchasers at the amount of their debt and cost. The sale was reported to the court, but before its confirmation, the court, on the motion of some of the appellees, set it aside on the ground that it and the judgment were both invalid, because no report had been filed by the attorney for the non-resident, Alex Centers.

The record is indefinite as to whether the judgment was set aside as to the appellees, Hiram and Sarah Ann Centers but leaves no doubt of its having been set aside as to the remaindermen. We will, however, treat it as having also been vacated as to them. After this action was taken, appellants filed an amended petition which made L. Y. Redwine, Cora Beauris and Harvey Beauris defendants to the action, it being alleged that after the institution of their action the non-resident, Alex Centers, sold and by deed conveyed to the appellee, L. Y. Redwine, his undivided one-third interest in remainder in the mortgaged premises, and that Cora Beauris and Harvey Beauris were asserting claim to the property, but that whatever interest they and Redwine had therein was subject to appellants' mortgage. After these additional parties were brought before the court, an answer, purporting to have been joined in by all the defendants, save L. Y. Redwine, was filed, in which it was alleged that the execution of the writing by the appellee, Hiram Centers, when he made the last payment credited on the debt secured by the mortgage and its acceptance by the appellant, constituted a novation of the debt secured by the mortgage and extinguished the lien given by the mortgage. Moreover, that the appellants' action to enforce the lien given by the mortgage was not instituted within

five years next after the cause of action accrued, for which reason, as further alleged, it was and is barred by the statute of limitations. It was also alleged in the answer that the appellee, Harvey Beauris, had by purchase, acquired from L. Y. Redwine the interest in the mortgaged premises conveyed him by Alex Centers. Later an amended answer was filed by the same parties, except Hiram Centers, whose name was omitted therefrom, which was intended to make more specific the averments of the original answer. Redwine by separate answer set up his purchase of Alex Centers' interest in the property and its conveyance to him and assailed appellants' debt and lien upon the grounds urged in the answer of the other defendants. It was admitted in his answer that he had contracted to sell his interest in the mortgaged premises to Harvey Beauris, upon the condition that the latter pay him in a given time the consideration agreed on by them, but alleged that he had failed to comply with the condition, which had operated to release him (Redwine), from the contract. The averments of the joint answer and amended answer were controverted by reply and that of Redwine, in so far as it affected appellants, of record.

Although the name of Hiram Centers appears in the original joint answer as a defendant, he seems to have refused to verify it and, in giving his deposition, not only showed his lack of sympathy with the defense interposed by his co-defendants, but manifested his recognition of the justness of appellants' demand and his liability therefor.

Upon the second submission of the case the circuit court sustained the appellees' defenses of novation and limitation, and by the judgment rendered dismissed appellants' petition. From that judgment the latter have appealed. In our opinion the judgment cannot be legally sustained on either of the grounds indicated. The paper executed by Hiram Centers at the time of making the last payment on the mortgage debt, if not a mere memorandum, is a due bill, which, as it did not by agreement or intention of the parties extinguish the old debt, did not constitute a novation.

A novation is a contract and like other valid contracts, must be supported by a consideration, which is the discharge of the original debt. If, therefore, the agreement does not, or was not intended to, effect the release of the debtor from the old debt, it is not a novation. The

following statement from 29 Cyc., 1134, comprehensively explains how a novation may be effected:

"Novation may be effected in three ways: (1) By the substitution of a new obligation between the same parties, with intent to extinguish the old obligation; (2) by the substitution of a new debtor in the place of the old one, with intent to release the latter; (3) by the substitution of a new creditor in the place of the old one, with intent to transfer the rights of the latter to the former."

Tested by the foregoing rule, the writing given by Hiram Centers to William Russell July 7, 1905, did not constitute a novation. Both he and Russell, as well as Crain, the draftsman, testified that the only purpose in its execution was to show the balance due on the mortgage debt, and, even this it does not correctly show, for in stating the supposed balance due on the debt, it included no estimate of the interest accrued to that date.

If the writing be treated as a due bill, it, in legal effect, recognizes and evidences the debt previously created and secured by the mortgage and constitutes a promise to pay what remains to be paid upon it. If, therefore, an action thereon would not be barred by the statute of limitations until after the lapse of fifteen years. White's Admr. v. Curd, 86 Ky., 191; Tabor v. Hardman, &c., 7 R., 491.

While it is true that the mortgage executed to secure the original debt, which, at the time, was but a mere account for borrowed money, being a mere incident to the demand, would not ordinarily have been enforceable after five years from its date under the statute of limitations, as the due bill evidenced the debt secured by the mortgage or what remained due of it, it became written evidence of the debt, and having been executed within five years next after the execution of the mortgage, its legal effect was to extend the mortgagees' right to enforce the lien thereby given as long as they had a right of action upon the due bill.

If, however, it should be held that the writing subsequently executed is but a mere memorandum to show the amount remaining due of the mortgage debt, as the action was instituted within five years next after the pay-

ment of the $50 made when the writing was given, the right of action is still unaffected by the statute of limitations. In other words, the $50 having been paid July 7, 1905, the right of appellants to sue on the mortgage debt and enforce the mortgage was extended five years from that date, and, the action having been instituted July 5, 1910, no bar to a recovery arose under the statute.

For the reasons indicated the judgment is reversed and cause remanded with directions to the circuit court to enter a judgment granting appellants the entire relief prayed in the petition.