## Allen v. Shepherd, et al.

(Decided February 16, 1915.)

## Appeal from Magoffin Circuit Court.

1. Mortgages—Purpose May Be Shown—Indemnity.—A mortgage, in the usual form, purporting to secure the payment of a sum certain, may be shown to have been given only for the purpose of indemnifying the mortgagee against loss.

2. Mortgages—Definition of Mortgage.—A mortgage is a security incident to the legal obligation to pay; and, whenever the obligation ceases, the security must cease with it, since there can be no security for a debt which has no legal existence.

3. Mortgages—Security for Debt.—A mortgage may be so drawn as to contain an independent agreement, which absorbs the original contract; but, in the usual form, a mortgage is simply a collateral undertaking, and is a mere security for the debt.

4. Mortgages—Limitation of Action—Contracts.—If an action could be brought and recovery had upon a mortgage as a substantive agreement, the statute of limitations applicable to written contracts applies; but if it could not be so declared upon and a re-covery had, it comes within the five years' statute applicable to "contracts not in writing," and the right of recovery is barred after five years.

ARNETT & HOWARD for appellant.

BYRD & HOWARD and E. W. PENDLETON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

On September 14th, 1911, the appellant, J. N. Allen, filed this action against the appellees, who are the administratrix and children of Jeff Shepherd, deceased, to recover a balance of $75.00 claimed to be due on a mortgage to Allen for $100.00, executed by Jeff Shepherd and wife on 200 acres of land on Licking River, in Magoffin county. The mortgage was executed on December 17th, 1900. Jeff Shepherd died in 1908, and his wife Bettie qualified as his administratrix.

The answer traversed the petition, and alleged affirmatively that on September 6th, 1900, Jeff Shepherd had sold a one-eleventh interest in another tract of land which he had inherited from his father, John E. Shepherd, to Allen for $150.00, one-half of said purchase price being paid in cash, and the remaining $75.00 to be paid in ninety days thereafter.

The answer further stated that afterwards, on December 17th, 1900, Allen having complained to Shepherd that the land Jeff Shepherd had sold him was in danger of being subjected to the payment of John E. Shepherd's debts, Jeff Shepherd and wife executed the mortgage of December 17th, 1900, and sued on herein, to indemnify Allen against any loss from that source. The answer further alleged that no part of the land sold to Allen had ever been subjected to the payment of John E. Shepherd's debts; that Allen's possession had never been disturbed; and that appellees, therefore, owed him nothing.

By way of counter-claim, Jeff Shepherd's administratrix prayed judgment for the $75.00 unpaid purchase money, with interest from September 6th, 1900, the date of the conveyance.

In his reply Allen alleged that his lien note of September 6, 1900, for $75.00 purchase money above referred to was payable when the estate of John E. Shepherd, deceased, should be settled by a judgment of court, and only in the event said estate should be indebted to Jeff Shepherd's administratrix. The reply further alleged that the $75.00 note of September 6th, 1900, was paid at the time the mortgage of indemnity was given to Allen on December 17th, 1900, and in consideration for said payment, and to protect Allen's land against liability for John E. Shepherd's debts; and, further, that Allen had been made a defendant in the suit to settle John E. Shepherd's estate; and that he had been required to pay, under a judgment in that case, $75.00 upon the debts of John E. Shepherd.

The rejoinder traversed all the affirmative allegations of the reply.

By an amended answer, appellees interposed the five year statute of limitations and the ten year statute of limitations, in bar of Allen's right to recover any money he had been required to pay upon the indebtedness of John E. Shepherd, deceased.

The chancellor sustained the plea of limitation, dismissed the petition, and Allen appeals.

Waiving the question of irregularity of the pleadings in setting up plaintiff's cause of action in the reply rather than in the petition, and coming to the merits of the case, the three issues presented for decision are:

(1) Did Allen pay his lien note for $75.00, dated September 6th, 1900; (2) did Allen pay $75.00, or any sum, upon the debts of John E. Shepherd, deceased; and (3) if he did pay said sum, or any sum, towards John E. Shepherd's indebtedness, is his right to recover it now barred by limitation?

1. The first issue is concluded in Allen's favor by the receipt of Jeff Shepherd, dated December 17th, 1900, the day the mortgage sued on was given, in which it is recited that he had received of Joseph N. Allen $75.00 in full satisfaction of his note for purchase money for the land above described. Shepherd's signature is attested by J. T. Wireman, and the genuineness of the receipt is in no way questioned. This receipt fully corroborates Allen's contention that the indemnity mortgage was given at the time he paid his lien note, and to secure him against liability for John E. Shepherd's debts.

2. Although the petition does not state that the mortgage sued on was given only for the purpose of indemnifying Allen, it is so stated in the answer, conceded in the reply, and sustained by the proof.

But the mortgage sued upon contains no words of promise upon the part of Jeff Shepherd, the mortgagor, and does not pretend to secure the payment of any note. The proof shows, beyond a doubt, that the mortgage sued on was given to indemnify Allen against any liability for the debts of John E. Shepherd, deceased.

The record in the suit to settle the estate of John E. Shepherd has been lost beyond recovery; but the fact that Allen was a defendant to that action, and that a judgment was taken against him for an ascertained sum, was fully shown by parol evidence. Patrick, the attorney for Hale, the administrator of John E. Shepherd, testified that Allen had paid him sums upon two separate occasions, and that he gave him receipts therefor, which would show the amounts so paid. Allen has filed two receipts from Patrick, given in 1903, one for $15.00, and the other for $20.00; and, in the absence of other evidence, the amount of Allen's payments upon John E. Shepherd's debts must be measured by these two receipts.

3. Upon the question of limitation, it is well settled in Kentucky that where the debt is barred by limitation no recovery can be had upon a mortgage to secure the indebtedness, the mortgage being merely ancil-

lary to the debt. If an action cannot be maintained on the note, the lien, which is only a security, cannot be enforced. Vandiver v. Hodge, 4 Bush, 539.

In Yeates v. Weeden, 6 Bush, 438, the court said:

"The security is an incident that follows the legal obligation to pay, and whenever that obligation ceases, the security, from the very nature of the case, must cease with it; for there can be no security for a debt which has no legal existence."

Neither can a suit be maintained upon the mortgage in this case, for the reason that it contains no words of promise which would bring it within the definition of a written contract or obligation upon the part of Jeff Shepherd to pay the money therein referred to, which would be barred only after the lapse of fifteen years from its maturity. Where a mortgage contains no independent agreement to pay the money secured, it is barred after five years.

The rule in cases of this character was definitely stated in Prewitt v. Wortham, 79 Ky., 287, where the court said:

"The mortgage recites that it is made to secure an indebtedness of $200.00, without specifying how the indebtedness arose or how it is evidenced, and concludes: 'The above obligation is such that if the said Prewitt shall well and truly pay the above-named $200.00, then this obligation is to be void.'

"The test of whether this is a 'written contract' within the fifteen years' statute of limitations depends upon whether it could be declared on as a covenant to pay. If an action could be brought and recovery had upon the mortgage as a substantive agreement, the statute as to written contracts applies; but if it cannot be so declared upon and a recovery had, it comes within the five years' statute of 'contracts not in writing,' and the right of recovery is barred. The element wanting here is of a substantive promise to pay. Even in a petition upon a note there must be an allegation of a promise notwithstanding the note declared upon contains an undertaking to pay.

"A mortgage may be so drawn as to contain an independent agreement, which absorbs the original contract, but in the usual form a mortgage is simply a collateral undertaking and is a mere security for the debt.

The rule in this State in reference to mortgages, whether on personal or real estate, is, that they are mere securities for the debt. No title passes to the mortgagee, and no right is acquired by the mortgagee, except as an incident to the debt. When the debt to secure which the mortgage was given is barred by statute, the incident goes with the principal, and the mortgage ceases to be enforceable."

See also First National Bank v. Thomas, 8 Ky. L. R., 690, 2 S. W., 776; Worsham v. Lancaster, 20 Ky. L. R., 701, 47 S. W., 448; McCormick v. Perry, 29 Ky. L. R., 420, 93 S. W., 607; Russell v. Centers, 153 Ky., 469, to the same effect.

The mortgage sued on, therefore, was not a written contract to pay the debt and did not create any liability upon the part of Jeff Shepherd to pay it. Allen's right to recover the $35.00 which he had paid upon the indebtedness of John E. Shepherd, deceased, being created by statute, was barred after the expiration of five years from 1903, while this action was not instituted until 1911.

It follows that the circuit court properly sustained the plea of limitation, and the judgment must be affirmed. It is so ordered.