## Paintsville National Bank v. Robinson.

## Paintsville Bank & Trust Company v. Robinson, et al.

(Decided June 7, 1927.)

### Appeals from Johnson Circuit Court.

1. Limitation of Actions.—Purchaser of a note complete and regular on its face, negotiated to her on the day it became due, taking it in good faith and for value, held a "holder in due course," under Negotiable Instruments Act (Ky. Stats., section 3720b-52), thereby placing note on the footing of a bill of exchange, within Ky. Stats., section 2515, precluding suit thereon more than five years after cause of action accrued.

2. Limitation of Actions.—A mortgage is merely incident to the debt it is given to secure, and no relief can be granted under the mortgage after the obligation to which it is incident is barred by limitation.

FRED HOWES for appellants.

KIRK, KIRK & WELLS and WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

The two above-styled appeals grow out of the same cause of action and will be considered and determined in

one opinion. Appellee, Sallie Gambill Robinson, instituted the action to enforce a mortgage lien on a certain town lot in Paintsville, Ky., securing a note for $500, dated May 20 1917. When the action was instituted appellant, Paintsville National Bank, owned the lot covered by the mortgage lien sought to be foreclosed by appellee. In view of the conclusions reached by the court, there would seem to be no necessity to state the various facts pleaded by the various parties; it being sufficient to say that by its answer, counterclaim, and cross-petition, the appellant, Paintsville National Bank, which will be hereinafter referred to as the bank, after denying that the lot then owned by it was liable to be subjected to the payment of appellee's debt, further pleaded that, in the event the court should conclude otherwise, it should recover the amount it would thus have to pay to save its lot from appellant Paintsville Bank & Trust Company, which will hereinafter be referred to as the trust company. Both the bank and the trust company interposed a plea of limitation under section 2515, Kentucky Statutes, in bar of appellee's right to recover. Upon the trial below the chancellor adjudged that appellee had a mortgage lien upon the lot owned by the bank and was entitled to subject it to the payment of her $500.00 note with interest and cost. It further adjudged that the bank was entitled to recover from the trust company the amount it was so compelled to pay appellee to save the lot owned by it from sale to enforce her mortgage lien. Both the bank and trust company have appealed.

The plea of limitation interposed by both the bank and trust company to appellee's right to recover seems to this court to be conclusive, and, consequently, it alone will be considered. These facts appear: On May 20, 1917, Mrs. T. J. Moore and T. J. Moore executed and delivered to Paintsville Bank & Trust Company a promissory note negotiable in form for $500. By its terms it was made payable "four months after date." To secure its payment, Mrs. Moore, who then owned the lot now owned by the bank, executed and delivered to the trust company a mortgage. The note, being dated May 20th, and being payable four months after date, was due and payable September 20th. On the latter date, appellee, who was the mother of Mrs. T. J. Moore, appeared at the banking house of the trust company during banking

hours and paid the note. The trust company, by indorsement assigned the note to her without recourse. More than seven years elapsed after appellee so acquired the note and after it became due before she instituted this action to enforce its collection by foreclosing the mortgage lien.

Section 2515, Kentucky Statutes, provides that an action upon a promissory note placed upon the footing of a bill of exchange shall be commenced within five years next after the cause of action accrued. It is insisted for the bank and the trust company that, as the note, the basis of appellee's right to enforce the mortgage lien, was assigned and delivered to her before the close of the day on which it was due, it was thereby placed upon the footing of a bill of exchange. Consequently, they insist, more than five years having elapsed after her cause of action on it accrued before she sued, her cause of action was barred by the provisions of the statute, supra.

In Southern National Bank v. Schimpeler et al., 160 Ky. 813, 170 S. W. 178, and Reidlin Co. v. Haake, 218 Ky. 47, 290 S. W. 1050, it was held that our Negotiable Instruments Act did not repeal section 2515, Kentucky Statutes, and that the period of limitation therein provided within which an action on a negotiable promissory note, placed upon the footing of a bill of exchange, must be brought, is still in force. Consequently, if the negotiable promissory note, the basis of appellee's cause of action, was placed upon the footing of a bill of exchange when negotiated to her, the five year statute of limitation applies, and her cause of action is barred. We have presented, then, the narrow question whether a promissory note, negotiable in form, which is negotiated on, but before the close of the day it is due, thereby is placed upon the footing of a bill of exchange. The statute, as will be observed, does not define how a negotiable promissory note many be placed upon the footing of a bill of exchange, but merely prescribes the time within which an action must be brought upon that character of note when placed upon that footing. Our Negotiable Instruments Act furnishes perhaps the best test for determining when by negotiation a promissory note negotiable in form is placed upon the footing of a bill of exchange. That necessarily occurs when the purchaser by his purchase

and its assignment to him becomes a "holder in due course." Section 3720b-52, Kentucky Statutes, provides:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That the instrument is complete and regular upon its face.

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Measured by the conditions under which one is defined by that statute to be a "holder in due course," it is unquestionably true that, by purchasing the $500 note and taking it under the written indorsement assigning it to her, appellee became a "holder in due course." The instrument was complete and regular upon its face. She became its holder before it was overdue and it had not previously been dishonored. She took it in good faith and for value. At the time it was negotiated to her she had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. In fact, there was no infirmity in the instrument and no defect in the title of the person negotiating it. She became its holder before it was overdue, because the maker of the note had the entire day on which it was negotiated to her in which to pay it before it could be said to be overdue. The note having been negotiated at a time when by its negotiation appellee became a "holder in due course," it unquestionably follows that it was thereby placed upon the footing of a bill of exchange. That being true, it also necessarily follows that under the provisions of section 2515 of our Statutes, it was incumbent upon appellee to institute her action for relief under it within five years after it was due. This she failed to do.

The fact that the note was secured by a mortgage on real estate does not alter the case. This court has uniformly written that a mortgage is merely incident to the debt or obligation it is given to secure, and that no relief can be granted under the mortgage after the debt or obligation to which it is incident is barred by limita-

tion. See Vandiver v. Hodge, 4 Bush, 538; Yeates v. Weeden, 6 Bush, 438; Prewitt v. Wortham, 79 Ky. 287; First National Bank v. Thomas, 3 S. W. 12, 8 Ky. Law Rep. 690; Worsham v. Lancaster, 47 S. W. 448, 20 Ky. Law Rep.. 701; McCormick v. Perry, 93 S. W. 607, 29 Ky. Law Rep. 420; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149; and Allen v. Shepherd, 162 Ky. 756, 173 S. W. 135.

Under the facts appearing, and for the reasons indicated, the chancellor erred in failing to sustain the plea of limitation interposed by both the bank and trust company.

Therefore the judgment appealed from in both appeals is reversed, and the cause is remanded, with direction that a judgment be entered in conformity herewith.

Reversed and remanded.