## Warning's Ex'r v. Tabeling et al.

Oct. 31, 1939.

James R. McGarry for appellant.

Sawyer A. Smith for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The appellant, Norbert Warning, executor of the estate of Kate Warning, deceased, filed this action in the Kenton circuit court against appellees, defendants below, by which he sought to recover of them for the estate of his decedent, an alleged indebtedness of the sum of $2,500, and to foreclose a mortgage on certain real estate in Kenton county, alleged to have been executed to secure the indebtedness. We refer to appellant as plaintiff and appellees as defendants, according to their status in the lower court.

In the original petition filed in January, 1937, plaintiff alleged that on October 24, 1932, the defendants executed and delivered to his decedent, Kate Warning, three promissory notes by which they promised and agreed to pay to her the sum of $2,500 with interest thereon from date until paid, and to secure the payment thereof they executed, acknowledged and delivered to decedent their mortgage of the same date whereby they mortgaged to decedent certain real estate and improvements thereon in Kenton county, Kentucky. Plaintiff further alleged that since he qualified as executor of the will of Kate Warning, deceased, he had been unable to find, obtain or locate said notes or the original mortgage, but that the mortgage is recorded in the Kenton county clerk's office, a copy of which he filed with the petition.

The defendants filed their answer denying the execution of the notes and mortgage, and denied any indebtedness whatever to plaintiff's decedent.

In February, 1938, appellant filed an amended petition in which he alleged that since the filing of the original petition, he had learned that no notes were executed by the defendants at the time of the execution of the mortgage described in his petition; that on the 24th day of October, 1932, defendants "being indebted to said Kate Warning, now deceased, in the amount of $2,500, which amount of $2,500 said defendants executed and delivered to said Kate Warning, now deceased, a mortgage dated October 24, 1932, mortgaging unto said Kate Warning, now deceased, the following described real estate (here describing the property); that no part of the mortgage indebtedness has been paid and the said $2,500 with interest thereon from the 24th day of October, 1932, until paid, is entirely due and unpaid; that the estate of said Kate Warning has a lien upon the hereinbefore described real estate to secure said debt with interest and costs  *   *   *.''

The defendants moved the court to require plaintiff to elect which cause of action he would prosecute, whether the cause of action sued upon in the petition filed in January, 1937, or the amendment thereto filed in February, 1938. The court sustained the motion and plaintiff elected to prosecute the cause of action alleged in the amended petition. Defendants filed their answer, again denying the indebtedness and the alleged execution of the mortgage, and by a separate paragraph affirmatively pleaded the five year statute of limitation, alleging that the alleged cause of action did not accrue within five years next before the commencement of same on February 17, 1938, the date of filing the amended petition. Plaintiff filed a demurrer to the plea of limitation which demurrer the court overruled and sustained the plea of limitation. Plaintiff then moved the court to reconsider its order overruling the demurrer to the plea of limitation, which motion the court overruled, and plaintiff failing to plead further, judgment was entered dismissing the petition. This appeal follows.

It will be noticed that the original petition was filed within less than five years after the execution of the mortgage and the creation of the alleged indebtedness, but the filing of the amended petition was more than five years after the incurring of the alleged indebtedness on October 24, 1932. Plaintiff insists that the cause of action alleged in both the original and amended petition is for *debt* and that the amended petition is merely an amendment to the original, and that the running of the statute of limitation ceased when the original petition was filed. On the other hand, it is defendants' position that the original petition set up a cause of action upon an express, written promise to pay evidenced by notes to which the fifteen year statute of limitation is applicable, while the cause of action alleged in the amended petition is based on an implied promise to pay to which the five year statute of limitation applies.

The mortgage is drawn on the usual printed form of a deed of conveyance reciting a consideration of $2,500, and purports to convey a fee simple, general warranty title, except at the bottom of the mortgage, there is a typewritten defeasible clause in the following language:

"Provided, however, that if grantors shall pay their three promissory notes totaling $2500.00 and payable to Grantee then these presents shall be null and void; otherwise to remain in effect and this

mortgage shall be enforcible at the option of the grantee any time after said notes become due and payable.''

In Prewitt, etc., v. Wortham, etc., 79 Ky. 287, the cause of action alleged was on an account and to secure the payment of which a mortgage on certain property had been executed. It was held that a mortgage executed to secure an account was only an incident to the demand, and that such a case would not stand upon the footing of a written obligation to pay a debt to which the fifteen year statute of limitation applied. The court said:

"This presents the question whether the mortgage is 'a written contract' which may be enforced at any time within fifteen years from its execution, or whether the claim is based upon 'a contract not in writing,' and therefore barred within five years.

"The mortgage recites that it is made to secure an indebtedness of two hundred dollars, without specifying how the indebtedness arose or how it is evidenced, and concludes: 'The above obligation is such that if the said Prewitt shall well and truly pay the above-named two hundred dollars, then this obligation to be void.'

"The test of whether this is 'a written contract' within the fifteen years' statute of limitations depends upon whether it could be declared on as a covenant to pay. If an action could be brought and recovery had upon the mortgage as a substantive agreement, the statute as to written contracts applies; but if it cannot be so declared upon and a recovery had, it comes within the five years' state of 'contracts not in writing,' and the right of recovery is barred. The element wanting here is of a substantive promise to pay. Even in a petition upon a note there must be an allegation of a promise, notwithstanding the note declared upon contains an undertaking to pay.

"A mortgage may be so drawn as to contain an independent agreement which absorbs the original contract, but in the usual form, a mortgage is simply a collateral undertaking and is a mere security for the debt. The rule in this state in reference to mortgages, whether on personal or real estate, is, that they are mere securities for the debt. No title

passes to the mortgagee, and no right is acquired by the mortgagee, except as an incident to the debt. When the debt to secure which the mortgage was given is barred by statute, the incident goes with the principal, and the mortgage ceases to be enforceable.''

We find no language in the mortgage filed with the record in the present case sufficient to bring it within the exception pointed out above, that "A mortgage may be so drawn as to contain an independent agreement which absorbs the original contract * * *," hence no action can be maintained upon it as a substantive agreement to pay and thus bring it within the fifteen year statute of limitation, and, therefore, this case comes within the rule enunciated in Prewitt, etc., v. Wortham, etc., supra. Also, in the case of Paintsville Bank & Trust Co. v. Robinson, 220 Ky. 418, 295 S. W. 412, 413, the rule in the Prewitt v. Wortham case, supra, is again stated in the following language:

"The fact that the note was secured by a mortgage on real estate does not alter the case. This court has uniformly written that a mortgage is merely incident to the debt or obligation it is given to secure, and that no relief can be granted under the mortgage after the debt or obligation to which it is incident is barred by limitation. See Vandiver v. Hodge, 4 Bush 538; Yeates v. Weeden, 6 Bush 438; Prewitt v. Wortham, 79 Ky. 287; First National Bank v. Thomas, 3 S. W. 12, 8 Ky. Law Rep. 690; Worsham v. Lancaster, 47 S. W. 448, 20 Ky. Law Rep. 701; McCormick v. Perry, 93 S. W. 607, 29 Ky. Law Rep. 420; Russell v. Centers, 153 Ky. 469, 155 S. W. 1149; and Allen v. Shepherd, 162 Ky. 756, 173 S. W. 135.''

Many other cases of similar and like import might be cited, but we think the cases cited, supra, and cases cited therein, are conclusive that the mortgaging in question is a mere incident to the debt sued on, but does not constitute a written agreement to pay upon which an action may be independently maintained, and when the debt is extinguished or barred by statute of limitation or otherwise, the mortgage is likewise at an end.

However, as we have already noted, plaintiff insists that since the original petition was filed before the five year statute of limitation had run, the limitation should

be computed from the filing of the original petition, and not from the filing of the amendment, and that the original and amended petitions should be considered together as stating a single cause of action. But plaintiff did not practice his case upon that theory. He made no objection to defendants' motion to require him to elect which action he would prosecute—that alleged in the original petition or the one alleged in the amended petition, nor did he except to the court's ruling that he be required to elect, and elected to try the cause of action alleged in the amended petition which was only an implied promise to pay. When plaintiff made his election without objection, he then abandoned the original petition and stood upon the amended petition as though the original petition had not been filed, and since the cause of action he elected to try was based upon an implied promise to pay, very clearly the five year statute of limitation (Section 2515, Kentucky Statutes) is applicable.

These conclusions make it unnecessary for us to decide whether or not the amended petition might have been construed to be merely an amendment to the original, rather than an independent cause of action, had plaintiff not elected without objections to try the cause of action alleged in the amended petition, and since he so elected without objection or reservation, he is bound by the cause of action alleged in the amended petition only. It follows that the trial court did not err in sustaining defendants' plea of limitation.

Judgment affirmed.